# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SONDER HOLDINGS INC.,<br><br>                             Debtor. | Chapter 7<br><br>Case No. 25-12040 (KBO)<br><br>**Ref. Docket No. 8** |
| In re:<br><br>SONDER GERMANY GMBH,<br><br>                             Debtor. | Chapter 7<br><br>Case No. 25-12041 (KBO)<br><br>**Ref. Docket No. 8** |
| In re:<br><br>SONDER GROUP HOLDINGS LLC,<br><br>                             Debtor. | Chapter 7<br><br>Case No. 25-12042 (KBO)<br><br>**Ref. Docket No. 8** |
| In re:<br><br>SONDER GUEST SERVICES LLC,<br><br>                             Debtor. | Chapter 7<br><br>Case No. 25-12043 (KBO)<br><br>**Ref. Docket No. 8** |
| In re:<br><br>SONDER HOLDINGS LLC,<br><br>                             Debtor. | Chapter 7<br><br>Case No. 25-12044 (KBO)<br><br>**Ref. Docket No. 8** |

33768743.2

| | |
|---|---|
| In re:<br><br>SONDER HOSPITALITY HOLDINGS LLC,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 25-12045 (KBO)<br><br>**Ref. Docket No. 8** |
| In re:<br><br>SONDER HOSPITALITY USA INC.,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 25-12046 (KBO)<br><br>**Ref. Docket No. 8** |
| In re:<br><br>SONDER PARTNER CO.,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 25-12047 (KBO)<br><br>**Ref. Docket No. 8** |
| In re:<br><br>SONDER TECHNOLOGY INC.,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 25-12048 (KBO)<br><br>**Ref. Docket No. 8** |
| In re:<br><br>SONDER USA INC.,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 25-12049 (KBO)<br><br>**Ref. Docket No. 8** |

33768743.2

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR NOTICE OF THE EMERGENCY MOTION BY MARRIOTT INTERNATIONAL, INC. FOR ENTRY OF AN ORDER (1) DETERMINING EMERGENCY MEASURES TO PROTECT GUESTS DO NOT VIOLATE THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, (2) GRANTING RELIEF FROM THE AUTOMATIC STAY RETROACTIVE TO THE PETITION DATE PURSUANT TO 11 U.S.C. § 362(d)**

Marriott International, Inc. ("**Marriott**") hereby files this motion (this "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit** "**A**" (the "**Proposed Order**"), (a) shortening the time for notice of the *Emergency Motion by Marriott International, Inc. for Entry of an Order (1) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief from the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d)* [Docket No. 8] (the "**Motion**"),[1] filed on November 14, 2025 so that it may be heard at a hearing scheduled, subject to the Court's availability, for **November 17, 2025 at 10:00 a.m. (ET)** (the "**Hearing**"); and (b) requiring that objections to entry of an order approving the Motion, if any, be filed and served on or before, or raised at, the Hearing (the "**Proposed Objection Deadline**"). In support of this Motion to Shorten, Marriott respectfully states as follows:

## I.  JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

33768743.2

2

Court for the District of Delaware (the "**Local Rules**"), Marriott consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), rules 2002(a) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND[2]

4. Sonder was a hospitality company that just prior to the Petition Date managed approximately 7,500 furnished apartments and hotel rooms for short- and long-term stays in 37 cities across nine countries.

5. In August 2024, the Marriott Licensing Parties and Sonder Holdings entered into the License Agreement. Under the License Agreement, Marriott provided Sonder with $15 million in "key money," and granted Sonder a limited license to use Marriott's reservation system and certain intellectual property, in exchange for Sonder paying royalties and other fees and a limited license from Sonder to use certain of its intellectual property. Following a period of technical integration, Sonder's properties became available for reservations through Marriott's channels and began participating in the Marriott Bonvoy loyalty program.

6. In the License Agreement, the Marriott Licensing Parties did not agree to— and do not agree to—operate any of Sonder's properties. Even for direct bookings on Marriott

---

[2] Unless otherwise noted, the factual statements contained in this Background section are based on information provided by Sonder or are made upon information and belief. Sonder is a publicly traded company, and its annual reports and other SEC filings can be found at https://investors.sonder.com/.

33768743.2

channels, no guest payments were made to Marriott. Rather, payment was delivered directly to Sonder via a payment processor, bypassing Marriott entirely, and Marriott did not even possess information about who paid deposits, how much they paid, or for which bookings at Sonder properties.

7. By no later than November 7, 2025, Sonder informed Marriott that all potential indications of interest for a strategic restructuring transaction with the Company had been exhausted, and no further sources of liquidity were available to the Company. Further, by no later than November 7, 2025, Sonder confirmed that it was unable to pay its debts as they became due, lacked sufficient resources to commence an orderly wind down of its business, and anticipated an abrupt shutdown of its operations with immediate impact to guests. Sonder notified Marriott that it was likely to abruptly terminate operations over the weekend (November 8–9, 2025), including laying off all its employees and shutting down critical systems, including electronic lock systems—while thousands of guests were in residence at Sonder properties across three continents. The Company specifically threatened to file a free-fall chapter 7 case, which it told Marriott would leave guests abruptly locked out of their rooms. The threat of an abrupt termination of Sonder's operations coupled with the lack of any liquidity to pay essential operating costs—such as payroll or mission critical vendors—created an immediate risk to the health, safety, and welfare of thousands of guests.

8. Marriott has specifically requested Sonder provide contact information for individuals responsible for operations and transitioning technology and related systems, but Sonder has failed to provide this information or engage Marriott in addressing customer needs. Adding to the urgency, over the weekend of November 8–9, Sonder effectively disclaimed its obligations by notifying customers via email that it would no longer honor its commitments and

instructed them to contact Marriott for assistance even though many of the reservations were made through third party online travel agencies and not through Marriott's reservation channels. These emails quoted and linked to Marriott's press release and provided direct contact information for Marriott. Sonder's own customer service phone line was replaced with a recorded message directing customers to Marriott's customer service channels.

9. Given the immediate and significant risks to the health, welfare, and safety of affected guests, Marriott acted decisively. On November 7, 2025, Marriott terminated the License Agreement and suspended Sonder's access to the Reservation System. Sonder has no right to cure its default under the License Agreement. By terminating the License Agreement, Marriott availed itself of certain post-termination rights that permit it to undertake the Emergency Measures. After terminating the License Agreement, Marriott immediately activated the Emergency Measures to assist guests affected by Sonder's threatened shutdown, particularly those still occupying Sonder properties.

10. On November 10, 2025, Sonder released a statement announcing the immediate wind-down of its operations and its intention to liquidate under chapter 7. The release indicated that further details would be provided through either the chapter 7 trustee or Sonder Holdings' international subsidiaries. Sonder did not provide any information regarding protection, support, or contact methods for customers in the announcement, other than to direct guests to Marriott's customer service.

11. On Friday, November 14, 2025 (the "**Petition Date**"), the Debtors commenced the Chapter 7 Cases. On the same date, Marriott filed the *Emergency Motion by Marriott International, Inc. for Entry of an Order (1) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief From the*

*Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d)*, which seeks entry of an order (1) determining that the Emergency Measures do not violate the automatic stay under 11 U.S.C. § 362(a) or, alternatively, (2) granting relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001(a), and Local Rule 4001-1, retroactive to the Petition Date, to permit Marriott, and certain third party vendors whose assistance Marriott may require, to continue the Emergency Measures.

### III.    RELIEF REQUESTED

12.    By this Motion to Shorten, Marriott seeks entry of an order (a) shortening the time for notice of the hearing on the Motion, and (b) requiring that objections to entry of an order approving the Motion, if any, be filed and served on or before the Proposed Objection Deadline.

### IV.    BASIS FOR RELIEF

13.    Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). However, pursuant to Local Rule 9006-1(e), such period may be shortened by order of the Court upon written motion "specifying the exigencies supporting shortened notice." *See* Del. Bank. L.R. 9006-1(e).  In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonness of motions to shorten "[g]iven the accelerated time frame of bankruptcy proceedings").

14.    As discussed above and set forth in detail in the Motion, Marriott has had no choice other than to continue to implement the Emergency Measures because of the immediate

33768743.2

risks to the health, safety, and welfare of guests, including those who had booked through Marriott channels.  Sonder advised Marriott that its bankruptcy could result in current guests losing access to their accommodation and being left without any form of support.  Guests who were occupying Sonder-managed properties might be prevented from retrieving their personal belongings, including medication, passports, personal effects, or other essentials.  And even if they could still access their rooms, guests would be left occupying rooms in buildings where no management company was available to provide attention, oversight, or assistance.

15. Due to the urgent support guests and customers need to ensure their safety and security, Marriott believes it is appropriate for the Motion to be heard on less than fourteen days' notice in accordance with Local Rule 9006(c)-(1).  Accordingly, Marriott submits that cause exists to shorten the notice period for the Hearing.

16. Parties in interest will not be prejudiced by the shortened notice period because many of the parties entitled to notice of the Motion are already aware of the issues presented in the Motion.  Moreover, by seeking to continue the Emergency Measures, Marriott aims to protect Sonder's customers without seeking a preference for fees or debt, while also supporting an orderly wind-down of Sonder's operations and the chapter 7 trustee.

17. To compensate for the reduced notice period, Marriott will serve the Motion by email (where available) or overnight delivery on the following parties:  (a) the Office of the United States Trustee (the "***U.S. Trustee***");  (b) the chapter 7 trustee; (c) counsel to the Debtors; (d) counsel to the Debtors' first and second lien holders; and (e) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 (collectively, the "***Notice Parties***").

18. In light of the foregoing, Marriott submits that consideration of the Motion on shortened notice, as requested herein, is justified under the circumstances of the Chapter 7 Cases.

### V. LOCAL RULE 9006-1(e) CERTIFICATION

19. In accordance with Local Rule 9006-1(e), prior to filing this Motion to Shorten, counsel to Marriott notified the U.S. Trustee and chapter 7 trustee of the relief requested herein.

### VI. NOTICE

20. Notice of this Motion will be provided to the Notice Parties, as set forth above. In light of the nature of the relief requested herein, Marriott submits that no other or further notice is necessary.

### VII. CONCLUSION

WHEREFORE, Marriott respectfully requests that this Court enter the Proposed Order, granting the relief requested herein, and granting such other and further relief as is just and proper.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: November 15, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>*/s/ Robert S. Brady*<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>1000 North King Street<br>Rodney Square<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: rbrady@ycst.com<br>           mnestor@ycst.com<br><br>-and-<br><br>**BAKER & McKENZIE LLP**<br>Paul J. Keenan Jr. *(pro hac vice motion pending)*<br>John R. Dodd *(pro hac vice motion pending)*<br>William Roppolo *(pro hac vice motion pending)*<br>830 Brickell Plaza, Suite 3100<br>Miami, FL 33131<br>Telephone: (305) 789-8900<br>Facsimile: (305) 789-8953<br>Email:  paul.keenan@bakermckenzie.com<br>            john.dodd@bakermckenzie.com<br>            william.roppolo@bakermckenzie.com<br><br>-and-<br><br>**JENNER & BLOCK LLP**<br>Lindsay C. Harrison *(pro hac vice motion pending)*<br>1099 New York Ave NW, Suite 900<br>Washington, DC 20001<br>Telephone: (202) 639-6000<br>Email: lharrison@jenner.com<br><br>*Counsel for Marriott International, Inc.* |