# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re

**SONDER HOLDINGS INC.,** *et al.*



                 **Debtors.**
**------------------------------------------------------x**
**RASHEEDA HERRING on behalf of herself and
all others similarly situated,**


                      **Plaintiff,**

                      **v.**

**SONDER HOLDINGS INC.; SONDER
GERMANY GMBH; SONDER HOLDINGS LLC;
SONDER GROUP HOLDINGS LLC; SONDER
TECHNOLOGY INC.; SONDER HOSPITALITY
USA INC.; SONDER PARTNER CO.; SONDER
USA INC.; SONDER GUEST SERVICES LLC;
and SONDER HOSPITALITY HOLDINGS LLC**

                      **Defendants**.

-------------------------------------------------------------------

**Chapter 7
Case Nos.:
25-12040; 25-12041
25-12042; 25-12043; 25-12044
25-12045; 25-12046; 25-12047;
25-12048; 25-12049**


**Adversary Proceeding
No._____**




**CLASS ACTION ADVERSARY
PROCEEDING COMPLAINT**

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

      Rasheeda Herring ("Plaintiff") by and through undersigned counsel, on behalf of herself

and all other similarly situated persons, as and for their complaint against Sonder Holdings Inc.,

Sonder Germany Gmbh; Sonder Holdings LLC, Sonder Group Holdings LLC, Sonder

Technology Inc., Sonder Hospitality USA Inc., Sonder Partner Co., Sonder USA Inc., Sonder

Guest Services LLC and Sonder Hospitality Holdings LLC ("Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3.      This is a class action for the recovery by Plaintiff and other Similarly Situated Employees of the Defendants, as a single employer, of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 *et. seq.* (the "WARN Act") and the California Labor Code § 1400 et. seq. ("California WARN Act" and collectively the "WARN Acts").  Although the Plaintiff and the Other Similarly Situated Employees were nominally employed by Sonder USA Inc., pursuant to the WARN Acts' single employer rule, Sonder Holdings Inc., Sonder Germany Gmbh,  Sonder Holdings LLC, Sonder Group Holdings LLC, Sonder Technology Inc., Sonder Hospitality USA Inc., Sonder Partner Co., Sonder Guest Services LLC and Sonder Hospitality Holdings LLC were also the Plaintiff's and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about November 10, 2025 and thereafter. The Defendants violated the WARN Acts by failing to give the Plaintiff and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act.  As a consequence, the Plaintiff and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Acts to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

**PARTIES**

4.      Upon information and belief, at all relevant times, Defendants which maintained facilities throughout the United States, ("the Facilities").

5.      Upon information and belief, at all relevant times, Defendants, as a single employer jointly maintained, owned, and operated the Facilities.

6.      On or about November 14, 2025 Defendants filed with this Court voluntary petitions for relief under Chapter 7 of the United States Bankruptcy Code.

7.      Plaintiff Rasheeda Herring was an employee who was employed by Defendants, as a single employer, and worked at or reported to a facility located at 447 Sutter Street, San Francisco, California 94108 (the "San Francisco Facility");  until her termination without cause on or about November 10, 2025.

8.      Upon information and belief, at all relevant times, Defendants each jointly maintained, owned and operated the Facilities.

9.      Plaintiff and the Other Similarly Situated Employees were employed by Defendants as a single employer at the Facilities until their termination without cause on or about November 10, 2025 and thereafter at which time Defendants ordered a mass layoff and/or plant closing of the Facilities.

10.     Upon information and belief, approximately 1,000 persons were employed at the Facilities by Defendants until their termination without cause on or about November 10, 2025 and thereafter.

11.     The Plaintiff brings this action on her own behalf and, pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other employees of the

Defendants who also worked at or reported to the Facilities, and who were terminated as part of or as the foreseeable result of a mass layoff and/or plant closing at the Facilities ordered by Defendants on or about November 10, 2025 and thereafter (collectively, "the Class").

12.     On or about November 10, 2025 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiff's employment together with the termination of all other employees who worked at or reported to the Facilities as part of a mass layoff and/or plant closing as defined by the WARN Acts for which they were entitled to receive 60 days advance written notice under the WARN Act.

13.     Upon information and belief, Defendants constituted a "single employer" of the Plaintiff and the other Class members in that among other things:

### Common Ownership

(a)     Upon information and belief, Sonder Holdings Inc. ("Sonder Holdings") is the ultimate parent of all of the Defendants.

(b)     Upon information and belief, all of the Defendants shared common ownership;

### Common Directors and Officers

(c)     Upon information and belief, at all relevant times, the Defendants shared common officers and Directors.

### Dependency of Operations

(d)     Upon information and belief, at all relevant times, all of the Defendants were completely dependent on Sonder Holdings for its daily operating funds which were provided either directly by Sonder Holdings or through financing arranged by Sonder Holdings.

4

***Unity of Personnel Policies***

(e)   Upon information and belief, at all relevant times all of the Defendants maintained common personnel policies which were put into place by Sonder Holdings, including payment of wages, as well as a common health care plan all of which was carried out by Sonder Holdings.

(f)   Upon information and belief, at all relevant times, management-level personnel at all of the Defendants were hired by Sonder Holdings.

(g)   Upon information and belief, the decision to order a mass layoff and/or plant closing without providing a WARN notice was made by Sonder Holdings. on behalf of all of the Defendants.

***De Facto Control***

(h)   Upon information and belief, at all relevant times, Sonder Holdings maintained sole control over all critical business decisions made on behalf of all of the Defendants including decisions relating to Plaintiff's and the Class's employment and specifically, the decision to shut down the Facilities without providing WARN notice.

(i)   Upon information and belief, at all relevant times, all management-level personnel hiring and firing at all of the Defendants were conducted by Sonder Holdings.

(j)   Upon information and belief, the decision to shut down the Facilities without providing proper WARN notice was made by Sonder Holdings on behalf of all of the Defendants; all as a single employer.

5

## CLASS ACTION ALLEGATIONS PURSUANT TO 29 U.S.C. § 2104 and CALIFORNIA LABOR CODE §§ 1460 et seq.

14.     The Plaintiff and each person she seeks to represent herein, were discharged on or about November 10, 2025 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

15.     The Plaintiff brings this action on her own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about November 10, 2025 and thereafter, who worked at or reported to the Facilities until their terminations.

16.     On or about November 10, 2025 and thereafter, Defendants terminated the Plaintiff's employment as part of a mass layoff and/or plant closing and/or termination pursuant to the WARN Acts which qualifies as an event for which she was entitled to receive to sixty (60) days' advance written notice under the WARN Acts.

17.     Defendants as a single employer never gave Plaintiff the statutorily required sixty (60) days advance written notice of the mass layoff and/or plant closing in violation of the WARN Acts.

18.     At or about the time that the Plaintiff were discharged on or about November 10, 2025 and thereafter, Defendants discharged approximately 1,000 other employees at the Facilities (the "Other Similarly Situated Former Employees") without cause on their part.

19.     Pursuant to the  WARN Acts, the Plaintiff maintains this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

20.     Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

21.     The Plaintiff and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on their part.

22.     The Plaintiff and each of the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

23.     Defendants were required by the WARN Acts to give the Plaintiff and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

24.     Prior to their termination, neither the Plaintiff nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

25.     Defendants failed to pay the Plaintiff and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

## CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)

26.     The Plaintiff asserts this claim on behalf of herself and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

27.      The Plaintiff and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a)

and (b)(3) of the Federal Rules of Civil Procedure (The "Class")

28.    Common questions of law and fact are applicable to all members of the Class.

29.    The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Acts; all Class members were employees of Defendants who, prior to the terminations, worked at or reported to the Facilities; Defendants as a single employer terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Acts; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

30.    The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

31.    The Plaintiff's claims are typical of the claims of other members of the Class in that for each of the several acts described above.

32.    The Plaintiff will fairly and adequately protect and represent the interests of the Class.

33.    The Plaintiff has the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

34.    The Class is so numerous as to render joinder of all members impracticable as there are approximately 1,000 persons who are included in the Class.

35.    The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

36.    The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of

8

law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37.     No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

38.     No litigation concerning the WARN Acts rights of any Class Member has been commenced in this Court.

39.     Concentrating all the potential litigation concerning the WARN Acts rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Acts rights of all the Class members.

40.     On information and belief, the identities of the Class members are contained in the books and records of Defendants.

41.     On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

42.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

43.     As a result of Defendants' violation of the WARN Acts, the Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the

9

dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

**FIRST CLAIM FOR RELIEF-FEDERAL WARN ACT**

44.     At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

45.     At all relevant times, each Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order a mass layoff and/or plant closing at the Facilities.

46.     On or about November 10, 2025 and thereafter the Defendants as a single employer ordered a "mass layoff" and/or "plant closing" at the Facilities, as that term is defined by the WARN Act.

47.     The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

48.     The Plaintiff and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of the plant closing ordered by the Defendants at the Facilities.

49.     The Plaintiff and each of the other members of the Class are "affected employees" of the Defendants within the meaning of the WARN Act.

50.     The Defendants were required by the WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice of his or her termination.

51.     The Defendants failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

52.     The Plaintiff and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

53.     The Defendants failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

54.     The relief sought in this proceeding is equitable in nature.

**SECOND CLAIM FOR RELIEF-CALIFORNIA WARN ACT**

55.     Plaintiff realleges and incorporates by reference all allegations in the proceeding paragraphs.

56.     Plaintiff Rasheeda Herring ("Herring") and similarly situated employees who worked at or reported to the San Francisco Facility and other "covered establishments," are former "employees," of Defendant as defined in the California Labor Code § 1400(h).

57.     Defendants terminated the employment of Herring and other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400(d-f) beginning on or about November 10, 2025 and thereafter.

11

58.     At all relevant times, each Defendant was an "employer" as defined in Labor Code §

1400(b).

59.     Defendants violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or

"termination" in California without giving written notice at least 60 days before the order took effect

to (1) the employees affected by the order and (2) the Employment Development Department, the

local workforce investment board, and the chief elected official of each city and county government

within which the mass layoff, relocation or termination occurred.

60.     As a result of Defendant's violation of Labor Code § 1401, Herring and the other

similarly situated California employees are entitled to damages in an amount to be determined.

61.     Herring has incurred and the other similarly situated employees will incur attorneys'

fees in prosecuting this claim and are entitled to an award of attorneys' fees under Labor Code §

1404.

**WHEREFORE**, Plaintiff on her own behalf and on behalf of each of the other Class

members demand judgment, jointly and severally, against Defendant as follows:

A.     An allowed  priority claim pursuant to 11 U.S.C. § 507(a)(4) and (5) up to

$17,150 against Defendants in favor of the Plaintiff and Class members equal to the sum of: (a)

unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension

and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have

been covered and paid under the then applicable employee benefit plans had that coverage continued

for that period, all determined in accordance with the WARN Acts, 29 U.S.C. §2104(a)(1)(A) and

California Labor Code § 1400 et. seq., with any remainder as a general unsecured claim;

B.     A judgment against Defendants in favor of the Plaintiff and the other Class

members for the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay,

12

accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum

of 60 days, that would have been covered and paid under the then applicable employee benefit

plans had that coverage continued for that period, all determined in accordance with the WARN

Acts, 29 U.S.C. §2104(a)(1)(A) and California Labor Code § 1400 et. seq.;

       C.     Certification that the Plaintiff and the other Class members constitute a single

class;

       D.     Appointment of the undersigned attorneys as Class Counsel;

       E.     Appointment of Plaintiff as the Class Representative and payment of

reasonable compensation to her for her services as such;

       F.     An allowed claim against Defendants for the reasonable attorneys' fees and

the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the

WARN Acts, 29 U.S.C. § 2104(a)(6); California Labor Code § 1400 et. seq.;

       G.     Such other and further relief as this Court may deem just and proper.

       Respectfully submitted,

Date: November 17, 2025

       By: /s/   James E. Huggett__
       MARGOLIS EDELSTEIN
       James E. Huggett (#3956)
       300 Delaware Avenue
       Suite 800
       Wilmington, DE 19801
       Phone 302-888-1112
       Fax 302-888-1119

       THE GARDNER FIRM, P.C.
       Mary E. Olsen (OLSEM4818)
       M. Vance McCrary (MCCRM4402)
       The Gardner Firm, P.C.
       182 St. Francis Street, Suite 103

Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
Johnathan Miller
100 Church Street
8th Floor
New York, NY 10007
O: (212) 581-5005

*Attorneys for Plaintiff and the Proposed Class*