**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> SONDER HOLDINGS INC., <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-12040 (KBO) |
| In re: <br><br> SONDER GERMANY GMBH, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-12041 (KBO) |
| In re: <br><br> SONDER GROUP HOLDINGS LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-12042 (KBO) |
| In re: <br><br> SONDER GUEST SERVICES LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-12043 (KBO) |
| In re: <br><br> SONDER HOLDINGS LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-12044 (KBO) |

33768737.1

| | |
|---|---|
| In re:<br><br>SONDER HOSPITALITY HOLDINGS LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12045 (KBO) |
| In re:<br><br>SONDER HOSPITALITY USA INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12046 (KBO) |
| In re:<br><br>SONDER PARTNER CO.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12047 (KBO) |
| In re:<br><br>SONDER TECHNOLOGY INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12048 (KBO) |
| In re:<br><br>SONDER USA INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12049 (KBO)<br><br>**Ref. Docket No. 8** |

**NOTICE OF FILING OF *PROPOSED* ORDER (1) DETERMINING EMERGENCY MEASURES TO PROTECT GUESTS DO NOT VIOLATE THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, (2) GRANTING RELIEF FROM THE AUTOMATIC STAY RETROACTIVE TO THE PETITION DATE PURSUANT TO 11 U.S.C. § 362(d)**

33768737.1

2

**PLEASE TAKE NOTICE** that, on November 14, 2025, Marriott International, Inc. ("*Marriott*") filed the *Emergency Motion by Marriott International, Inc. for Entry of an Order (1) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief From the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d)* [Docket No. 8] (the "*Motion*") in the above-captioned chapter 7 cases.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a proposed form of order (the "*Proposed Order*") granting the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that an emergency hearing (the "*Hearing*") to consider the Motion and Proposed Order is scheduled for **November 18, 2025, at 1:30 p.m. (ET)**, before the Honorable Karen B. Owens in the United States Bankruptcy Court for the District of Delaware (the "*Court*"), located at 824 N. Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that Marriott reserves the right to amend, revise, modify or supplement the Proposed Order prior to, at, or as a result of, the Hearing.

*[Remainder of the page intentionally left blank]*

33768737.1

| | |
|---|---|
| Dated: November 17, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Robert S. Brady*<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>1000 North King Street<br>Rodney Square<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: rbrady@ycst.com<br>          mnestor@ycst.com<br><br>-and-<br><br>**BAKER & McKENZIE LLP**<br>Paul J. Keenan Jr. *(pro hac vice motion pending)*<br>John R. Dodd *(pro hac vice motion pending)*<br>William Roppolo *(pro hac vice motion pending)*<br>830 Brickell Plaza, Suite 3100<br>Miami, FL 33131<br>Telephone: (305) 789-8900<br>Facsimile: (305) 789-8953<br>Email:  paul.keenan@bakermckenzie.com<br>           john.dodd@bakermckenzie.com<br>           william.roppolo@bakermckenzie.com<br><br>-and-<br><br>**JENNER & BLOCK LLP**<br>Lindsay C. Harrison *(pro hac vice motion pending)*<br>1099 New York Ave NW, Suite 900<br>Washington, DC 20001<br>Telephone: (202) 639-6000<br>Email: lharrison@jenner.com<br><br>*Counsel for Marriott International, Inc.* |

33768737.1

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SONDER HOLDINGS INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12040 (KBO) |
| In re:<br><br>SONDER GERMANY GMBH,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12041 (KBO) |
| In re:<br><br>SONDER GROUP HOLDINGS LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12042 (KBO) |
| In re:<br><br>SONDER GUEST SERVICES LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12043 (KBO) |
| In re:<br><br>SONDER HOLDINGS LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12044 (KBO) |

33770895.1

| | |
|---|---|
| In re:<br><br>SONDER HOSPITALITY HOLDINGS LLC,<br><br>　　　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 25-12045 (KBO) |
| In re:<br><br>SONDER HOSPITALITY USA INC.,<br><br>　　　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 25-12046 (KBO) |
| In re:<br><br>SONDER PARTNER CO.,<br><br>　　　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 25-12047 (KBO) |
| In re:<br><br>SONDER TECHNOLOGY INC.,<br><br>　　　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 25-12048 (KBO) |
| In re:<br><br>SONDER USA INC.,<br><br>　　　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 25-12049 (KBO)<br><br>**Ref. Docket No. 8** |

33770895.1

2

**ORDER GRANTING EMERGENCY MOTION BY MARRIOTT INTERNATIONAL, INC. FOR ENTRY OF AN ORDER (1) DETERMINING EMERGENCY MEASURES TO PROTECT GUESTS DO NOT VIOLATE THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, (2) GRANTING RELIEF FROM THE AUTOMATIC STAY RETROACTIVE TO THE PETITION DATE PURSUANT TO 11 U.S.C. § 362(d)**

---

Upon consideration of the *Emergency Motion by Marriott International, Inc. for Entry of an Order (1) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief From the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d)* [Docket No. 8] (the "***Motion***"),[1] filed by Marriott International, Inc. ("***Marriott***"), and any responses to the Motion; and the Court having conducted a hearing on the Motion on November 18, 2025 (the "***Hearing***"); and upon the record of the Hearing, the Court having found that cause exists to grant the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefor, and for the reasons stated on the record at the Hearing, which are incorporated here by reference:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court finds and concludes as follows:[2]

A.    The Court has jurisdiction to consider the Motion and requested relief pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of the Motion and the requested relief is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

---

[1]    Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to such terms in the Motion.

[2]    The following, together with the findings of fact and conclusions of law set forth in the record of the Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

33770895.1

B.  Notice of the Motion was adequate under the circumstances, and no other or further notice is required.

C.  The automatic stay is inapplicable to Marriott's Emergency Measures because the Emergency Measures are not acts against the Debtors, their estates, or property of the Debtors or their estates.

D.  To the extent that the automatic stay was applicable, "cause" exists under section 362(d)(1) of the Bankruptcy Code to grant relief from the automatic stay to permit Marriott and any necessary third parties working with Marriott to take the Emergency Measures.

E.  To the extent that the automatic stay was applicable, retroactive relief as of the Petition Date from the automatic stay would be warranted because the inequities and prejudice to Marriott and affected customers outweigh any interest the Debtors may have in maintaining the stay with respect to the Emergency Measures.

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED to the extent set forth herein.

2.  The Emergency Measures do not violate the automatic stay under 11 U.S.C. § 362(a).

3.  The automatic stay imposed by section 362(a) of the Bankruptcy Code, to the extent it is applicable, is hereby retroactively annulled with respect to Marriott's Emergency Measures to the Petition Date.

4.  For avoidance of doubt, the automatic stay does not apply to Marriott, and any necessary third parties working with Marriott, with respect to the Emergency Measures and all actions necessary or appropriate to perform the Emergency Measures.

33770895.1

5

5. The Debtors are directed to cooperate with Marriott and any necessary third parties working with Marriott to allow the Emergency Measures to be performed.

6. Notwithstanding Bankruptcy Rule 4001(a)(4) or any other applicable Bankruptcy Rule or Local Rule, the provisions of this Order shall take effect immediately upon its entry.

33770895.1

5