**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SONDER HOLDINGS INC., | Case No. 25-12040 (KBO) |
| Debtor. | |
| In re: | Chapter 7 |
| SONDER GERMANY GMBH, | Case No. 25-12041 (KBO) |
| Debtor. | |
| In re: | Chapter 7 |
| SONDER GROUP HOLDINGS LLC, | Case No. 25-12042 (KBO) |
| Debtor. | |
| In re: | Chapter 7 |
| SONDER GUEST SERVICES LLC, | Case No. 25-12043 (KBO) |
| Debtor. | |
| In re: | Chapter 7 |
| SONDER HOLDINGS LLC, | Case No. 25-12044 (KBO) |
| Debtor. | |

| | |
|---|---|
| In re:<br><br>SONDER HOSPITALITY HOLDINGS LLC,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12045 (KBO) |
| In re:<br><br>SONDER HOSPITALITY USA INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12046 (KBO) |
| In re:<br><br>SONDER PARTNER CO.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12047 (KBO) |
| In re:<br><br>SONDER TECHNOLOGY INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12048 (KBO) |
| In re:<br><br>SONDER USA INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12049 (KBO)<br><br><br>**Ref. Docket Nos. 8 & 18** |

## CERTIFICATION OF COUNSEL REGARDING DOCKET NOS. 8 & 18

On November 14, 2025, Marriott International, Inc. ("*Marriott*") filed the *Emergency Motion by Marriott International, Inc. for Entry of an Order (1) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief From the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d)* [Docket No. 8] (the "*Motion*") with the United States Bankruptcy Court for the District of Delaware (the "*Court*") in the above-captioned chapter 7 cases (the "*Chapter 7 Cases*").

On November 17, 2025, Marriott filed a proposed form of order [Docket No. 18] (the "*Proposed Order*") granting the relief requested in the Motion.

A hearing (the "*Hearing*") to consider the relief sought in the Motion was held on **November 18, 2025, at 1:30 p.m. (ET)**.   Prior to the Hearing, Marriott received informal comments to the Proposed Order from the chapter 7 trustee (the "*Chapter 7 Trustee*") in the Chapter 7 Cases.

Following discussions with the Chapter 7 Trustee, Marriott revised the Proposed Order, as reflected in the revised proposed form of order attached hereto as **Exhibit A** (the "*Revised Proposed Order*").   For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**. The Chapter 7 Trustee has confirmed that she does not object to the entry of the Revised Proposed Order.

WHEREFORE, as Marriott did not receive any objections or responses other than those described herein and the Chapter 7 Trustee does not object to entry of the Revised Proposed Order, Marriott respectfully requests that the Court enter the Revised Proposed Order without further notice or hearing at the Court's earliest convenience.

Dated: November 18, 2025     Respectfully submitted,
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert S. Brady*

Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3526)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbrady@ycst.com
      mnestor@ycst.com

-and-

**BAKER & McKENZIE LLP**
Paul J. Keenan Jr. (admitted *pro hac vice*)
John R. Dodd (admitted *pro hac vice*)
William Roppolo (admitted *pro hac vice*)
830 Brickell Plaza, Suite 3100
Miami, FL 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953
Email: paul.keenan@bakermckenzie.com
      john.dodd@bakermckenzie.com
      william.roppolo@bakermckenzie.com

-and-

**JENNER & BLOCK LLP**
Lindsay C. Harrison (admitted *pro hac vice*)
1099 New York Ave NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Email: lharrison@jenner.com

*Counsel for Marriott International, Inc.*

2

**<u>EXHIBIT A</u>**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SONDER HOLDINGS INC.,<br><br><div align="right">Debtor.</div> | Chapter 7<br><br>Case No. 25-12040 (KBO) |
| In re:<br><br>SONDER GERMANY GMBH,<br><br><div align="right">Debtor.</div> | Chapter 7<br><br>Case No. 25-12041 (KBO) |
| In re:<br><br>SONDER GROUP HOLDINGS LLC,<br><br><div align="right">Debtor.</div> | Chapter 7<br><br>Case No. 25-12042 (KBO) |
| In re:<br><br>SONDER GUEST SERVICES LLC,<br><br><div align="right">Debtor.</div> | Chapter 7<br><br>Case No. 25-12043 (KBO) |
| In re:<br><br>SONDER HOLDINGS LLC,<br><br><div align="right">Debtor.</div> | Chapter 7<br><br>Case No. 25-12044 (KBO) |

33770895.3

| | |
|---|---|
| In re:<br><br>SONDER HOSPITALITY HOLDINGS LLC,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12045 (KBO) |
| In re:<br><br>SONDER HOSPITALITY USA INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12046 (KBO) |
| In re:<br><br>SONDER PARTNER CO.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12047 (KBO) |
| In re:<br><br>SONDER TECHNOLOGY INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12048 (KBO) |
| In re:<br><br>SONDER USA INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12049 (KBO)<br><br>**Ref. Docket No. 8** |

33770895.3

**INTERIM ORDER GRANTING EMERGENCY MOTION BY MARRIOTT
INTERNATIONAL, INC. FOR ENTRY OF AN ORDER (1) DETERMINING
EMERGENCY MEASURES TO
PROTECT GUESTS DO NOT VIOLATE THE AUTOMATIC STAY OR, IN THE
ALTERNATIVE, (2) GRANTING RELIEF FROM THE AUTOMATIC STAY
RETROACTIVE TO THE PETITION DATE PURSUANT TO 11 U.S.C. § 362(d)**

---

Upon consideration of the *Emergency Motion by Marriott International, Inc. for Entry of
an Order (1) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic
Stay or, in the Alternative, (2) Granting Relief From the Automatic Stay Retroactive to the Petition Date
Pursuant to 11 U.S.C. § 362(d)* [Docket No. 8] (the "**Motion**"),[1] filed by Marriott International, Inc.
("**Marriott**"), and any responses to the Motion; and the Court having conducted a hearing on the
Motion on November 18, 2025 (the "**Hearing**"); and upon the record of the Hearing, the Court
having found that cause exists to grant the relief requested in the Motion; and after due deliberation
and sufficient cause appearing therefor, and for the reasons stated on the record at the Hearing,
which are incorporated here by reference:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court finds and concludes as follows:[2]

A.      The Court has jurisdiction to consider the Motion and requested relief pursuant to
28 U.S.C. §§ 157 and 1334.  Consideration of the Motion and the requested relief is a core
proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C.
§ 1408 and 1409.

---

[1]      Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to such terms in the
Motion.

[2]      The following, together with the findings of fact and conclusions of law set forth in the record of the Hearing,
constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of
Civil Procedure, made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the
following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the
following conclusions of law constitute findings of fact, they are adopted as such.

B.      Notice of the Motion was adequate under the circumstances, and no other or further notice is required.

C.      The automatic stay is inapplicable to Marriott's Emergency Measures to the extent the Emergency Measures are not acts against the Debtors, their estates, or property of the Debtors or their estates.

D.      To the extent that the automatic stay was applicable, "cause" exists under section 362(d)(1) of the Bankruptcy Code to grant relief from the automatic stay to permit Marriott and any necessary third parties working with Marriott to take the Emergency Measures on an interim basis.

E.      To the extent that the automatic stay was applicable, retroactive relief as of the Petition Date from the automatic stay would be warranted because the inequities and prejudice to Marriott and affected customers outweigh any interest the Debtors may have in maintaining the stay with respect to the Emergency Measures.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis to the extent set forth herein.

2.      The implementation of the Emergency Measures as defined herein during the period of this Interim Order will not be deemed a violation of the automatic stay under 11 U.S.C. § 362(a).

3.      For avoidance of doubt, the automatic stay does not apply to Marriott, and any necessary third parties working with Marriott, with respect to the Emergency Measures and all actions necessary or appropriate to perform the Emergency Measures.

4.      During the period of this interim order, Marriott and any necessary third parties working with Marriott are allowed to perform the following emergency measures ("Emergency Measures"):

33770895.3

4

a.  notifying current and upcoming guests that Marriott has terminated its agreement with Sonder;

b.  establishing and maintaining direct channels for guests to obtain information and support from Marriott;

c.  rebooking guests with current and upcoming reservations to other properties;

d.  continuing to restrict Marriott Bonvoy users from booking new reservations at Sonder properties;

e.  exercising Marriott's rights under section 19.2, 19.3, and 19.4 of the License Agreement;

f.  (1) maintaining Marriott's continued access to technology systems jointly accessed by Marriott and Sonder ("**Shared Systems**") to service guests and reservations at Sonder properties (such as, producing end-of-stay bills and other evidence of charges to guests) so that Marriott can continue to help address guest inquiries and needs;  (2) eliminating the access of all former Sonder employees, except those designated to Marriott by the Chapter 7 Trustee to the Shared Systems; (3) eliminating the access of all former Sonder employees to Marriott's own technology systems in order to promote data security and guest privacy; and (4) providing the Chapter 7 Trustee with reasonable reporting as to the interim Emergency Measures taken by Marriott and with information from the Marriott systems that the Chapter 7 Trustee needs to comply with her reporting requirements under federal law which the Chapter 7 Trustee reasonably requests from Marriott; and

g.  continuing Marriott's general customer support and any related actions necessary to facilitate guest services.

5.    Notwithstanding Bankruptcy Rule 4001(a)(4) or any other applicable Bankruptcy Rule or Local Rule, the provisions of this Order shall take effect immediately upon its entry.

6.    A final hearing on the Motion will be held on December 8, 2025 at 1:00 p.m. ET. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on December 1, 2025 and shall be served on (a) the Chapter 7 Trustee, 919 N. Market Street, Suite 420, Wilmington, DE 19801, Attn: Jami Nimeroff (nimeroff@dech7trustee.com); (b) proposed counsel to the Chapter 7 Trustee, Sullivan Hazeltine Allinson LLC, 919 N. Market St., Suite 420, Wilmington, DE 19801, Attn: William D. Sullivan

33770895.3

(bsullivan@sha-llc.com); and (c) counsel to Marriott, (i) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Robert S. Brady (rbrady@ycst.com) and Michael R. Nestor (mnestor@ycst.com), (ii) Baker & McKenzie LLP, 830 Brickell Plaza, Suite 3100, Miami, FL 3100, Attn: Paul J. Keenan (paul.keenan@bakermckenzie.com), and (iii) Jenner & Block LLP, 1099 New York Ave NW, Suite 900, Washington, DC 20001, Attn: Lindsay C. Harrison (lharrison@jenner.com).

33770895.3

# EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SONDER HOLDINGS INC.,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 25-12040 (KBO) |
| In re:<br><br>SONDER GERMANY GMBH,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 25-12041 (KBO) |
| In re:<br><br>SONDER GROUP HOLDINGS LLC,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 25-12042 (KBO) |
| In re:<br><br>SONDER GUEST SERVICES LLC,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 25-12043 (KBO) |
| In re:<br><br>SONDER HOLDINGS LLC,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 25-12044 (KBO) |



| | |
|---|---|
| In re:<br><br>SONDER HOSPITALITY HOLDINGS LLC,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12045 (KBO) |
| In re:<br><br>SONDER HOSPITALITY USA INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12046 (KBO) |
| In re:<br><br>SONDER PARTNER CO.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12047 (KBO) |
| In re:<br><br>SONDER TECHNOLOGY INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12048 (KBO) |
| In re:<br><br>SONDER USA INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-12049 (KBO)<br><br><br>**Ref. Docket No. 8** |

**<u>INTERIM</u> ORDER GRANTING EMERGENCY MOTION BY MARRIOTT INTERNATIONAL, INC. FOR ENTRY OF AN ORDER (1) DETERMINING EMERGENCY MEASURES TO
PROTECT GUESTS DO NOT VIOLATE THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, (2) GRANTING RELIEF FROM THE AUTOMATIC STAY RETROACTIVE TO THE PETITION DATE PURSUANT TO 11 U.S.C. § 362(d)**

---

Upon consideration of the *Emergency Motion by Marriott International, Inc. for Entry of an Order (1) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief From the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d)* [Docket No. 8] (the "***Motion***"),[1] filed by Marriott International, Inc. ("***Marriott***"), and any responses to the Motion; and the Court having conducted a hearing on the Motion on November 18, 2025 (the "***Hearing***"); and upon the record of the Hearing, the Court having found that cause exists to grant the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefor, and for the reasons stated on the record at the Hearing, which are incorporated here by reference:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court finds and concludes as follows:[2]

A.    The Court has jurisdiction to consider the Motion and requested relief pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of the Motion and the requested relief is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

---

[1]    Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to such terms in the Motion.

[2]    The following, together with the findings of fact and conclusions of law set forth in the record of the Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.



B.    Notice of the Motion was adequate under the circumstances, and no other or further notice is required.

C.    The automatic stay is inapplicable to Marriott's Emergency Measures ~~because~~to the extent the Emergency Measures are not acts against the Debtors, their estates, or property of the Debtors or their estates.

D.    To the extent that the automatic stay was applicable, "cause" exists under section 362(d)(1) of the Bankruptcy Code to grant relief from the automatic stay to permit Marriott and any necessary third parties working with Marriott to take the Emergency Measures on an interim basis.

E.    To the extent that the automatic stay was applicable, retroactive relief as of the Petition Date from the automatic stay would be warranted because the inequities and prejudice to Marriott and affected customers outweigh any interest the Debtors may have in maintaining the stay with respect to the Emergency Measures.

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED on an interim basis to the extent set forth herein.

2.    The implementation of the Emergency Measures ~~do not violate~~as defined herein during the period of this Interim Order will not be deemed a violation of the automatic stay under 11 U.S.C. § 362(a).

~~3. The automatic stay imposed by section 362(a) of the Bankruptcy Code, to the extent it is applicable, is hereby retroactively annulled with respect to Marriott's Emergency Measures to the Petition Date.~~



3.    ~~4.~~ For avoidance of doubt, the automatic stay does not apply to Marriott, and any necessary third parties working with Marriott, with respect to the Emergency Measures and all actions necessary or appropriate to perform the Emergency Measures.

4.    ~~5. The Debtors are directed to cooperate with~~ During the period of this interim order, Marriott and any necessary third parties working with Marriott ~~to allow the~~ are allowed to perform the following emergency measures ("Emergency Measures ~~to be performed.~~"):

   a.   notifying current and upcoming guests that Marriott has terminated its agreement with Sonder;

   b.   establishing and maintaining direct channels for guests to obtain information and support from Marriott;

   c.   rebooking guests with current and upcoming reservations to other properties;

   d.   continuing to restrict Marriott Bonvoy users from booking new reservations at Sonder properties;

   e.   exercising Marriott's rights under section 19.2, 19.3, and 19.4 of the License Agreement;

   f.   (1) maintaining Marriott's continued access to technology systems jointly accessed by Marriott and Sonder ("***Shared Systems***") to service guests and reservations at Sonder properties (such as, producing end-of-stay bills and other evidence of charges to guests) so that Marriott can continue to help address guest inquiries and needs;  (2) eliminating the access of all former Sonder employees, except those designated to Marriott by the Chapter 7 Trustee to the Shared Systems; (3) eliminating the access of all former Sonder employees to Marriott's own technology systems in order to promote data security and guest privacy; and (4) providing the Chapter 7 Trustee with reasonable reporting as to the interim Emergency Measures taken by Marriott and with information from the Marriott systems that the Chapter 7 Trustee needs to comply with her reporting requirements under federal law which the Chapter 7 Trustee reasonably requests from Marriott; and

   g.   continuing Marriott's general customer support and any related actions necessary to facilitate guest services.



5.    ~~6.~~ Notwithstanding Bankruptcy Rule 4001(a)(4) or any other applicable Bankruptcy Rule or Local Rule, the provisions of this Order shall take effect immediately upon its entry.

6.    A final hearing on the Motion will be held on December 8, 2025 at 1:00 p.m. ET. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on December 1, 2025 and shall be served on (a) the Chapter 7 Trustee, 919 N. Market Street, Suite 420, Wilmington, DE 19801, Attn: Jami Nimeroff (nimeroff@dech7trustee.com); (b) proposed counsel to the Chapter 7 Trustee, Sullivan Hazeltine Allinson LLC, 919 N. Market St., Suite 420, Wilmington, DE 19801, Attn: William D. Sullivan (bsullivan@sha-llc.com); and (c) counsel to Marriott, (i) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Robert S. Brady (rbrady@ycst.com) and Michael R. Nestor (mnestor@ycst.com), (ii) Baker & McKenzie LLP, 830 Brickell Plaza, Suite 3100, Miami, FL 3100, Attn: Paul J. Keenan (paul.keenan@bakermckenzie.com), and (iii) Jenner & Block LLP, 1099 New York Ave NW, Suite 900, Washington, DC 20001, Attn: Lindsay C. Harrison (lharrison@jenner.com).

