**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SONDER HOLDINGS INC.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-12040(KBO)<br><br>(Jointly Administered)<br><br>Hearing Date: December 8, 2025 at 1:00 p.m. (ET)<br>Objection Deadline: December 1, 2025 at 4:00 p.m. (ET) |

**MOTION OF 1436 LOFT OFFICES, LLC FOR ENTRY OF AN ORDER: (I) CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO: (A) THE PROTECTIVE MEASURES AND (B) THE LANDLORD'S STATE COURT EVICTION PROCEEDINGS AND DISPOSITION OF ABANDONED FF&E OR, ALTERNATIVELY, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY TO ALLOW THE LANDLORD TO CONTINUE EVICTION PROCEEDINGS AND DISPOSE OF FF&E, (III) GRANTING ADEQUATE PROTECTION AND (IV) WAIVING THE 14-DAY STAY UNDER BANKRUPTCY RULE 4001(a)(3)**

1436 Loft Offices, LLC (the "Landlord"), hereby files this Motion (the "Motion") seeking an order: (a) confirming that section 362(b)(10) of title 11 of the United States Code (the "Bankruptcy Code") permits the Landlord to (i) continue, and retroactively approve, the Protective Measures (as defined below) and (ii) continue state court eviction proceedings and dispose of any of the Debtor's personal property and furniture, fixtures, and equipment (collectively, "FF&E") abandoned at the Landlord's premises;[2] (b) alternatively, lifting the automatic stay pursuant to section 362(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in order to enable Landlord to continue state court

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

[2] Landlord reserves the right to retain any of the abandoned FF&E on the Premises.

eviction proceedings and dispose of the FF&E; (c) granting adequate protection; and (d) waiving any stay imposed by Bankruptcy Rule 4001(a)(3). In support of the Motion, the Landlord submits the *Declaration of Trevor P. Ryan in Support of Motion of 1436 Loft Offices, LLC for Entry of an Order: (I) Confirming the Automatic Stay does not Apply to: (a) the Protective Measures and (b) the Landlord's State Court Eviction Proceedings and Disposition of Abandoned FF&E or, Alternatively, (II) Granting Relief from the Automatic Stay, (III) Granting Adequate Protection and (IV) Waiving the 14-Day Stay Under Bankruptcy Rule 4001(a)(3)* (the "Ryan Decl.," attached hereto as Exhibit A) and respectfully states as follows:

## PRELIMINARY STATEMENT[3]

1. Prior to the Petition Date, the Debtor abandoned the Premises and the Landlord terminated the Lease pursuant to its terms. As a result, Landlord is free to pursue its state law remedies under applicable law to evict Debtor from the Premises. See In re Peking Duck USA, Inc., 657 B.R. 607, 611-12 (Bankr. N.D. Ill. 2024) (holding that a lease terminated prepetition under Illinois law cannot be assumed and is not protected by the automatic stay). Given the breadth of Section 362(a) of the Bankruptcy Code, Landlord files this Motion out of an abundance of caution to confirm that it may continue to maintain the Premises via the Protective Measures, continue state court eviction proceedings and dispose of the Debtor's FF&E abandoned at the Premises.

2. In the alternative, in the event the Court finds that the Debtor retains an interest in the Premises and/or the FF&E, cause exists to grant relief from the stay pursuant to section 362(d)(1) of the Bankruptcy Code. The Debtor has ceased operations, failed to pay rent, and

---

[3] Capitalized terms used but not defined in the Preliminary Statement shall have the meaning given to such term in the Motion.

abandoned the premises, leaving the Landlord with significant risks regarding the security, maintenance, and condition of the property, including uncertainty as to whether the premises are being adequately insured, heated, maintained, or occupied by unauthorized persons. According to the Debtor's public information, it has no ability to pay for foregoing expenses, exposing the Landlord to potential damage and liability if the Premises is left unprotected on account of the Debtor's abandonment of the Premises (and perhaps rendering it unable to pay its own liabilities).

3.  For similar reasons, relief from the automatic stay pursuant to section 362(d)(2) is appropriate, given that the Debtor has no ability to assume or assign the Lease on account of the substantial cure amount and the unique nature of the Premises. Moreover, the FF&E has little value, especially after considering the costs of liquidating such FF&E. In other words, the estate derives no benefit from continued possession of the Premises (in fact, the opposite is the case). Accordingly, relief from the automatic stay is warranted pursuant to section 362(d)(2) of the Bankruptcy Code to allow the Debtor to exercise its state court rights and remedies with respect to the Lease and the FF&E.

4.  Lastly, if relief is not immediately granted, the Landlord is entitled to adequate protection consisting of timely payment of post-petition amounts due under the Lease.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.  Venue of this case and this Motion in this Court (as defined herein) is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A. The Lease, Default, and Termination Notice**

7. On March 31, 2021, Landlord and Sonder Hospitality USA Inc. ("Debtor") entered into that certain Lease Agreement (as amended, the "Lease," attached to the Ryan Decl. as Exhibit 1), for 49 units at 1436 W. Randolph Street, Chicago, Illinois (the "Premises"). Ryan Decl. at ¶ 3. The Premises are located in downtown Chicago's West Loop, a high-traffic district which underscores the need for immediate protective measures to ensure the Premises are secured.[4] Id. at ¶ 4.

8. During 2025, the Debtor repeatedly failed to pay rent and other charges as required by the Lease. Ryan Decl. at ¶ 5. Landlord served written default notices on March 26, 2025, June 16, 2025, July 16, 2025, and October 27, 2025, each demanding payment of substantial arrearages and, in some cases, compliance with insurance requirements. Id.; Group Exhibit 2 thereto. Debtor's failure to pay rent constitutes an Event of Default under section 20.1 of the Lease, which provides that the failure to pay rent within five (5) business days after written notice is an Event of Default. See Lease at § 20.1; Ryan Decl. at ¶ 5.

9. No further default notices were necessary under the Lease on account of the Debtor's failure to pay rent because the Debtor no longer had any cure rights. See Lease at § 20.1.4 (the issuance of three or more default notices within any twelve-month period deprives the Debtor of its cure rights under the Lease); Ryan Decl. at ¶ 5.

---

[4] Landlord is presently spending significant resources to take Protective Measures to maintain the Premises and guard against deterioration and unlawful interference with the Premises. Ryan Decl. at ¶ 4. For the reasons set forth herein, Landlord took these actions based on the fact that the Premises was exposed to significant harm based on the Debtor's abandonment of the Premises. Because the Lease was terminated before the Petition Date, Landlord believes stay relief was unnecessary under section 362(b)(10) of the Bankruptcy Code. To the extent any such Protective Measures may be construed as a violation of the automatic stay, Landlord requests that the Court retroactively approve such measures.

10. Upon an Event of Default, the Lease provides Landlord the right, "without further notice or demand…" to "[t]erminate this Lease." <u>Lease</u> at § 21.1.1.

11. On November 10, 2025, Sonder Holdings, Inc. (the Debtor's parent company) issued a press release (the "<u>Press Release</u>," attached hereto as <u>Exhibit B</u>) stating that, "Sonder Holdings Inc. (Nasdaq: SOND) … today announced that it will complete winding down operations immediately and expects to initiate a Chapter 7 liquidation of its U.S. business."

12. On November 10, 2025 and November 11, 2025, Landlord served the Debtor with written notices (the "<u>Termination Notices</u>," attached to the <u>Ryan Decl.</u> as <u>Group Exhibit 3</u>) extinguishing the Debtor's right to possess the Premises and terminating the Lease. Ryan Decl. at ¶ 6.

13. With respect to the FF&E, in the event of a termination of the Lease, the Lease states:

> On the Expiration Date or the Termination Date, as applicable, (a) Tenant (and all other occupants) shall vacate and surrender the Premises broom clean and in good condition and repair, normal wear and tear typical for the Permitted Use, damage from Casualty that Landlord is responsible for repairing, damage from Landlord's failure to perform Landlord's repair and maintenance obligations, and damage for which Tenant is not responsible under this Lease excepted, and (b) Tenant shall remove from the Premises Tenant's Property[5] which may be removed without material damage to the Premises or the Building and shall repair any damage to the Premises caused by the installation or removal of Tenant's Property. <u>Tenant's Property which is not removed by Tenant by the Expiration Date or the Termination Date, as applicable, shall be deemed abandoned and may, at Landlord's option, be retained as Landlord's property or disposed of by Landlord at Tenant's cost</u>.

<u>Lease</u> at § 19.1 (emphasis added).

---

[5] "Tenant's Property" is defined as "Tenant's trade fixtures, equipment and personal property." <u>Lease</u> at p. 47.

14. In addition, the Landlord provided a loan (the "FF&E Capital Loan") in the amount of the FF&E Capital (as such term is defined in the Lease) to the Debtor to purchase certain FF&E. Lease at § 3.7; Ryan Decl. at ¶ 7. As of the Petition Date, the Debtor owed Landlord approximately $370,268.00 on account of FF&E Capital Loan and therefore the Debtor may not have an interest in the FF&E. Id.

15. As of the date of the Termination Notices, Debtor was in default for non-payment of rent and other charges, with prepetition arrears totaling $225,275.98. Ryan Decl. at ¶ 8. On November 10, 2025, Landlord filed its *Complaint for Eviction and Breach of Lease* against the Debtor in the Circuit Court of Cook County, seeking possession of the Premises and a money judgment for the outstanding arrears. Id. at ¶ 9, Exhibit 4 thereto.

16. Prior to the Petition Date, the Debtor abandoned the Premises. Ryan Decl. at ¶ 8. In connection with the Debtor's abandonment of the Premises, in order to preserve the status quo and preserve the value of the Premises, the Landlord took certain emergency measures (collectively, the "Protective Measures"), including, but not limited to, procuring insurance, arranging for utilities and security, and maintaining the Premises. Ryan Decl. at ¶ 4.

**B. The Chapter 7 Case**

17. On November 14, 2025 (the "Petition Date"), the Debtor and a number of affiliates filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). On November 17, 2025, Jami Nimeroff was appointed the chapter 7 trustee (the "Trustee") of the Debtor's bankruptcy estate.

18. On November 17, 2025, the Landlord sought the Trustee's consent to the relief requested in this Motion. See Exhibit C. Landlord did not receive a response.

**RELIEF REQUESTED**

19. Landlord respectfully requests that this Court enter an order: (a) confirming that section 362(b)(10) of the Bankruptcy Code permits the Landlord to: (i) continue the Protective Measures and retroactively approving such measures and (ii) continue state court eviction proceedings and dispose (or retain) the FF&E; (b) alternatively, lifting the automatic stay in order to enable Landlord to continue the Protective Measures, state court eviction proceedings, and dispose of the FF&E; (c) providing Landlord adequate protection; and (d) waiving any stay imposed by Bankruptcy Rule 4001(a)(3).

**BASIS FOR RELIEF**

**A. The Automatic Stay Does Not Apply to Landlord's Default Remedies Under the Lease, Including the Right to Continue, and Retroactively Approve, the Protective Measures, Continue Eviction Proceedings, and Dispose of the FF&E Abandoned at the Premises.**

20. The automatic stay does not prohibit Landlord from exercising its rights and remedies under the Lease because the Lease was terminated prior to the Petition Date, terminating the Debtor's legal or equitable right to remain at the Premises. See In re PSA, Inc., 335 B.R. 580, 588 (Bankr. D. Del. 2005) ("[T]he filing of a bankruptcy petition does not permit a debtor in possession to enjoy greater contract or property rights than it possessed outside of bankruptcy case."); In re ClearPoint Business Resources, Inc., 442 B.R. 292, 296 (holding that a bankruptcy petition does not expand a debtor's rights under agreements that "terminated by their terms during the course of the Debtor's bankruptcy"). Because the Lease was terminated before Petition Date, the automatic stay therefore does not apply to the Landlord's efforts to obtain possession of the Premises. In re Portofindough LLC, 655 B.R. 694, 700 (Bankr. S.D.N.Y. 2023) ("[T]he automatic stay does not apply to the Lease because the Lease was terminated before the Petition Date").

21. Section 362(b)(10) of the Bankruptcy Code provides that the automatic stay does

not apply to "any act by a lessor to obtain possession of nonresidential real property under a lease that has terminated by the expiration of the stated term of the lease before the commencement of or during the case." 11 U.S.C. § 362(b)(10). Most courts have interpreted "expiration of the stated term" in section 362(b)(10) to include termination by notice or default, not just the natural expiration of the lease term. See, e.g., In re Southcoast Exp., Inc., 337 B.R. 739, 742 (Bankr. D. Mass. 2006) (collecting cases and noting that "a lease could have terminated under the terms of the lease and not solely by the expiration of the stated term of the lease").

22. After termination of the Lease, the Debtor retained at most an equitable possessory interest, which is insufficient to invoke the protections of the automatic stay, as extending the automatic stay to a terminated lease would "nullif[y] Section 362(b)(10)" of the Bankruptcy Code. In re Neville, 118 B.R. 14, 18 (Bankr. E.D.N.Y. 1990) ("For this Court to accept the Debtor's argument that 'his equitable possessory interests were protected by the automatic stay' would result in nullifying Section 362(b)(10), which was purposely placed into the Bankruptcy Code to deal with situations such as this"); see also In re Tiny's Cafe, Inc., 322 B.R. 224, 226 (Bankr. D. Mass. 2005) ("Under Sections 362 and 541 of the Bankruptcy Code, a lease that has been terminated…prior to the filing of bankruptcy is not property of the estate, and is thus not protected by the automatic stay"); 11 U.S.C. § 541(d)(2) ("Property of the estate does not include-(b) any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case").

23. Further, Illinois law (governing law under the Lease) confirms that a commercial lease may be terminated prior to the entry of an order of possession. For example, in Peking Duck,

an Illinois bankruptcy court held that a lease may terminate according to its terms prepetition, and that judicial confirmation is not required for the landlord's right to possession. In re Peking Duck USA, Inc., 657 B.R. 607, 611 (Bankr. N.D. Ill. 2024) ("[D]oes Illinois law provide for termination of a nonresidential lease before a Landlord secures a judgment of possession or an order of possession? Yes. Illinois law provides that leases expire or terminate before a landlord secures an order of possession or a judgment of possession"). This principle is directly applicable here, as the Termination Notices terminated the Lease under Illinois law and extinguished any rights the Debtor may have had in the Premises before the Petition Date. As a result, the Debtor had no remaining legal or equitable interest in the Lease or the Premises at the time the Chapter 7 Case was filed and should be permitted, to the extent necessary, to retroactively approve, and continue, the Protective Measures and state court eviction proceedings.

24.    Landlord requests that any order granting this Motion also provide that any FF&E on the Premises be deemed abandoned and the Landlord be permitted to dispose such FF&E. Section 554(b) of the Bankruptcy Code provides that, on request of a party in interest, the Court may order a trustee or debtor-in-possession "to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).

25.    The Debtor has ceased operations and abandoned the Premises, including the FF&E. In light of the Debtor's abandonment, the termination of the Lease, and the plain language of section 19.1 if the Lease, the FF&E is not property of the Debtor's estate. Even if it were property of the estate, it has no meaningful value to creditors. Courts routinely recognize that, where a debtor has vacated leased premises and left behind personal property, such property may be deemed abandoned. See, e.g., In re Pure Beauty Salons & Boutiques, Inc., Case No. 11-13159

(MFW) (Bankr. D. Del.) [Docket No. 261], at ¶ 4 ("The non-Debtor counterparties to the Store Leases shall have the authority to remove any FF&E remaining at the Closing Locations after the Rejection Date without liability to third parties"); In re Landauer Healthcare Holdings, Inc., Case No. 13-12098 (CSS) (Bankr. D. Del.) [Docket No. 212], at ¶ 5 ("Non-Debtor counterparties to the Leases (or their agents) shall have the authority to remove and/or dispose of the Debtors' FF&E remaining at the Properties without liability to the Debtors and third parties").

26. The continued presence of FF&E on the Premises also exposes the Landlord to unnecessary risks, including potential liability for damage, theft, or deterioration, as well as ongoing costs for security, insurance, and maintenance. Upon information and belief, the Trustee lacks sufficient resources to safeguard the FF&E and the estate derives no benefit from its continued retention. Under these circumstances, abandonment is both appropriate and necessary to protect the interests of the Landlord and the estate.

27. Thus, Landlord requests an order providing that the Debtor lacks a possessory interest (legal or equitable) in the Premises or FF&E and that section 362(b)(10) of the Bankruptcy Code does not bar the Landlord from pursuing its state law remedies to evict the Debtor (if necessary), retroactively approve, and continue the Protective Measures, and dispose of the FF&E.

**B. Relief from the Automatic Stay is Warranted "For Cause," Including Lack of Adequate Protection, Pursuant to Section 362(d)(1) of the Bankruptcy Code**

28. In the alternative, relief from the automatic stay should be granted for "cause." Section 362(a)(3) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay applicable to all entities of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate…" 11 U.S.C. § 362(a)(3). Section 362(d)(1) of the Bankruptcy Code authorizes the Court to grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party

in interest." 11 U.S.C. § 362(d)(1). The determination of "cause" is a flexible standard, assessed on a case-by-case basis, and may include a variety of factors such as the debtor's failure to pay post-petition obligations, abandonment of the premises, and the absence of adequate protection for the creditor's interest. <u>Matter of Rexene Prods. Co.</u>, 141 B.R. 574, 576 (Bankr. D. Del. 1992) ("'Cause' is not defined in the Code; it must be 'determined on a case-by-case basis'"); <u>In re GrooMore, Inc.</u>, No. 25-10018, 2025 WL 478001, at *2, n.7 (Bankr. D. Del. Feb. 12, 2025) ("Under 11 U.S.C. § 362(d)(1), a court may grant stay relief for 'cause.' That standard is commonly described as 'flexible' and providing for a 'case by case' assessment of the facts and circumstances"). Each of the factors warrant relief from the automatic stay.

29. First, the Debtor lacks any ability to pay postpetition obligations. Second, the Debtor abandoned the Premises prior to the Petition Date. Third, the Lease was unequivocally terminated prior to the Petition Date (property of the estate does not include "any interest of the debtor as a lessee under a nonresidential real property lease that has terminated before bankruptcy." 11 U.S.C. § 541(d)(2)). The Debtor therefore has no legal or equitable interest in the Lease, the Premises, or the FF&E, and no right to use or possess the Premises post-termination. Courts consistently grant stay relief in these circumstances pursuant to section 362(d)(1) of the Bankruptcy Code. <u>See</u>, <u>e.g.</u>, <u>In re Knight Jewelry</u>, 168 B.R. 199, 201 (Bankr. W.D. Mo. 1994) ("Since the lease was terminated before the bankruptcy case was filed, cause exists to grant relief from the automatic stay"); <u>In re Borbidge</u>, 66 B.R. 998, 1000 (Bankr. E.D. Pa. 1986) (collecting cases).

30. Lastly, the Debtor lacks the ability to provide adequate protection to the Landlord. "Adequate protection is meant to preserve the status quo of the entity with an interest in the debtor's property." <u>In re Tudor Motor Lodge Associates Ltd. Partnership</u>, 102 B.R. 936, 954

11

(Bankr. D.N.J. 1989). In this case, the Debtor abandoned the Premises and ceased all business operations, and therefore unable to maintain the status quo. In fact, Landlord is currently incurring significant fees and expenses to protect the Premises against deterioration and vandalism. Under these circumstances, adequate protection cannot be provided, and stay relief is appropriate.

31. To assess the existence of "cause" (other than for lack of adequate protection), this Court has adopted a three-prong balancing test evaluating "(1) whether any great prejudice to either the bankrupt estate or the debtor will result from lifting the stay; (2) whether the hardship to the non-bankrupt party by the maintenance of the stay considerably outweighs the hardship to the debtor if the stay is lifted; and (3) whether it is probable that the creditor will prevail on the merits of its case against the debtor." In re Downey Fin. Corp., 428 B.R. 595, 609 (Bankr. D. Del. 2010). Each of the three elements are met in this case.

32. First, there is no prejudice to the Debtor or the estate, as the Debtor abandoned the Premises prepetition and the Lease was terminated prepetition, has no value to the estate, and cannot be assumed or assigned. Further, even if not validly terminated (which it was) given the significant funds required to cure any defaults under the Lease, the Lease cannot be assumed and assigned. Second, the hardship to the Landlord is substantial, as it must pay the, out-of-pocket, the "carrying costs" of the property including insurance, utilities, security, and maintenance, or else risking default on its lending facilities. The Debtor, on the other hand, will suffer no cognizable harm from eviction or continuation of the Protective Measures given that it has already abandoned the Premises. Third, while only a slight probability of success is required to justify stay relief (see In re SCO Grp., Inc., 395 B.R. 852, 859 (Bankr. D. Del. 2007)), in this case, the Landlord has a strong likelihood of prevailing on the merits. Given the prepetition termination of the Lease and abandonment of the Premises, the Landlord is well-positioned to obtain possession

12

in state court.

33. For these reasons, the automatic stay should be modified pursuant to section 362(d)(1) of the Bankruptcy Code to allow the Lender to exercise its state court remedies, including continuing eviction proceedings (if needed), and retroactively approve and continue the Protective Measures, and dispose of the FF&E.

### C. Relief from the Automatic Stay is Appropriate under Section 362(d)(2) of the Bankruptcy Code

34. Relief from the automatic stay is appropriate pursuant to section 362(d)(2) of the Bankruptcy Code where: (a) the Debtor does not have equity in the Premises or the FF&E; and (b) neither the Lease, nor the FFE are necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). Both prongs are met in this case.

35. The Debtor clearly has no equity in the Premises or the FF&E. Because this is a chapter 7 case, there will be no reorganization. See Knight Jewelry, 168 B.R. at 203 (holding that a property was not necessary for a reorganization after the case's conversion to chapter 7). Nor can the Lease be assumed and assigned as it terminated prior to the bankruptcy filing (and the Debtor lacks sufficient resources to cure monetary defaults as required by section 365(c)(3) of the Bankruptcy Code). Lastly, the FF&E does not have value to the Debtor's estate. Relief from the automatic stay is therefore warranted pursuant to section 362(d)(2) of the Bankruptcy Code to permit the Landlord to recover possession, proceed with eviction, continue the Protective Measures, and dispose of the FF&E.

### D. Request for Adequate Protection

36. To the extent the automatic stay remains in effect and the Premises is not immediately turned over to the Landlord, the Landlord respectfully requests that the Court direct the Trustee to timely perform all post-petition obligations under the Lease, including but not

limited to payment of rent at the contract rate, pursuant to sections 363(e) and 365(d)(3) of the Bankruptcy Code. Section 365(d)(3) provides that the trustee "shall timely perform all the obligations of the debtor … arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected," subject only to a limited extension for obligations arising within the first 60 days of the case. 11 U.S.C. § 365(d)(3); In re Montgomery Ward Holding Corp., 268 F.3d 205, 210 (3d Cir. 2001) ("Virtually all courts have agreed that [section 365(d)(3)] was intended to alleviate the above described burdens of landlords by requiring timely compliance with the terms of the lease"). These obligations include not only base rent but also all additional rent and obligations of the Debtor required under the Lease. Id. at 212 (holding, with respect to additional obligations of the debtor required under a lease that, "there is no basis in the text [of section 365(d)(3)] for distinguishing [additional obligations] from rent and numerous other obligations of tenants").

37. Section 363(e) of the Bankruptcy Code guarantees adequate protection to any party with an interest in property used by a debtor during the bankruptcy proceedings, who makes a request for adequate protection:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

38. Importantly, section 363(e) of the Bankruptcy Code is non-discretionary. If a creditor with an "interest" in property used by the debtor makes a request for adequate protection, then the court "shall" prohibit or condition the use of such property on the provision of adequate protection. 11 U.S.C. § 363(e); see also In re Metromedia Fiber Network, Inc., 290 B.R. 487, 491

14

(Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary…").

39. The Supreme Court has held that the term "interest" "is the most general term that can be employed to denote a right, claim, title, or legal share in something." <u>Russello v. U.S.</u>, 464 U.S. 16, 21 (1983). As owner of the Premises, the Landlord undeniably holds an interest in the property leased to the Debtor, as well as an interest in the Lease itself (to the extent it was not terminated as well as any provisions that survive termination) and amounts due under the Lease.

40. Section 361 of the Bankruptcy Code provides that adequate protection may take one of three forms. A debtor may: (i) tender an upfront cash payment or periodic cash payments; (ii) grant replacement liens; or (iii) grant other related relief (other than an administrative claim under section 503(b)(1) of the Bankruptcy Code) amounting to the indubitable equivalent of the protected party's interest in the property. 11 U.S.C. § 361.

41. With respect to a lease, adequate protection takes the form of paying post-petition amounts due under the Lease.[6] <u>See, e.g.</u>, <u>In re Braniff Airways, Inc.</u>, 783 F.2d 1283, 1286-1287 (5th Cir. 1986) ("Periodic rental payments compensating a creditor for use and occupancy of his premises may serve as adequate protection"); <u>In re P.J. Clarke's Restaurant Corp.</u>, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) (noting that a "landlord's right to adequate protection seems to follow clearly from the language of §363(e)…"); <u>In re Ernst Home Center, Inc.</u>, 209 B.R. 955, 965-966 (Bankr. W.D. Wash. 1997) ("real property lessors may request adequate protection under Section 363(e)"); <u>In re MS Freight Distribution, Inc.</u>, 172 B.R. 976, 980 (Bankr. W.D. Wash. 1994) ("A landlord is free to move at the outset of a case for adequate protection of its right to have obligations under its lease kept current"); <u>In re RB Furniture, Inc.</u>, 141 B.R. 706, 713-14 (Bankr. C.D.

---

[6] Further, sections 365(d)(3) and 503(b)(1) both require the Debtor to continue paying its obligations while in bankruptcy.

15

Cal.1992) (noting that adequate protection under section 363(e) of the Bankruptcy Code may even be broader than the rights encompassed under Section 365(d)(3), given it "is a fluid concept that reflects all the circumstances surrounding a debtor's use of property").

42. As set forth above, if the Court does not immediately confirm that the automatic stay is inapplicable or grant relief from the stay, the Landlord faces significant prejudice. The Landlord therefore requests that any order delaying or denying the relief sought in this Motion include provisions requiring the Trustee to: (a) pay all amounts due under the Lease at the amounts set forth in the Lease; (b) maintain insurance and security for the Premises; and (c) otherwise comply with all obligations under the Lease until the Premises are surrendered. These protections are necessary to preserve the status quo and prevent further harm to the Landlord while the estate determines its course of action.

### E. A Waiver of the Stay Pursuant to Bankruptcy Rule 4001(a)(4) is Appropriate

43. Landlord seeks a waiver of any stay of the effectiveness of an order approving this Motion. Pursuant to Bankruptcy Rule 4001(a)(4), unless otherwise ordered "[a]n order granting a motion for relief from an automatic stay" under Rule 4001(a)(1) "is stayed for 14 days after it is entered." Landlord requests that any order entered granting this Motion be effective immediately so that Landlord can adequately protect its interest in the Premises. Given that the Debtor is no longer in business, and that it lacks interest in the Lease, Premises and the FF&E, ample cause exists to justify the waiver of the fourteen day stay imposed by Bankruptcy Rule 4001(a)(4).

### RESERVATION OF RIGHTS

44. Landlord reserves its right to amend and supplement the issues raised in this Motion in connection with any hearing on the Motion, including through the assertion of additional or more detailed grounds for the granting of the relief requested under this Motion. Landlord also

reserves its right to seek further relief from this Court, including injunctive relief. Further, the Landlord does not waive any rights with respect to any claims it may now or in the future have against any of the debtors and reserves all rights with respect thereto.

## **NOTICE AND NO PRIOR REQUEST**

45. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Debtors; (b) the Office of the United States Trustee; (c) the Chapter 7 trustee appointed in these cases; and (d) any party requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Landlord submits that no other or further notice is required.

46. No previous request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Landlord respectfully requests that this Court enter an order substantially in the form submitted herewith granting the relief requested herein and such further relief as may be equitable and just.

Dated:  November 21, 2025

Respectfully submitted,

**BIELLI & KLAUDER, LLC**

By: /s/ David M. Klauder
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
dklauder@bk-legal.com

-and-

**LEVENFELD PEARLSTEIN, LLC**
Harold D. Israel, Esq. (admitted *pro hac vice*)
Sean P. Williams, Esq. (admitted *pro hac vice*)
120 S. Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Telephone: 312-346-8380
e-mail: hisrael@lplegal.com
e-mail: swilliams@lplegal.com

*Counsel to 1436 Loft Offices LLC*