# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re | ) Chapter 7 |
| SONDER HOLDINGS INC., | ) Case No. 25-12040 (KBO) |
| Debtors.[1] | ) (Jointly Administered) |

## ORDER GRANTING 284 HEXAGON, LLC RELIEF FROM THE AUTOMATIC STAY TO TAKE PROTECTIVE MEASURES RETROACTIVE TO THE PETITION DATE

Upon the *Emergency Motion of 284 Hexagon, LLC for Entry of an Order Granting Relief from the Automatic Stay to Take Protective Measures Retroactive to the Petition Date* (the "Motion"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that adequate notice of the Motion has been given; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED that:

1.  The Motion is hereby granted as set forth herein;

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

2

2. Hexagon[2] is granted relief from the automatic stay solely and only to implement the Protective Measures and to take all actions necessary to protect the Leased Premises.

3. The Trustee will make reasonable efforts to assist Hexagon in implementing the Protective Measures.

4. Notwithstanding the entry of this Order, both Hexagon and the Trustee reserve all of their rights, claims and/or defenses regarding whether the Lease was, in fact, terminated prior to the Petition Date and all of Hexagon's and the Trustee's rights are hereby reserved and preserved.

5. This Order shall be fully effective and enforceable immediately upon entry, and the fourteen (14) day stay under Bankruptcy Rule 4001(a)(4) is waived.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: November 24th, 2025
Wilmington, Delaware

KAREN B. OWENS
CHIEF JUDGE

---

[2] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.