UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | CHAPTER 7 |
| | § | |
| SONDER HOLDINGS INC.,[1] | § | Case No. 25-12040 |
| | § | |
| Debtors. | § | Related Pleading No. 55 |
| | § | |

**TRUSTEE'S RESPONSE TO THE MOTION OF 1436 LOFT OFFICES, LLC FOR ENTRY OF AN ORDER: (I) CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO: (A) THE PROTECTIVE MEASURES AND (B) THE LANDLORD'S STATE COURT EVICTION PROCEEDINGS AND DISPOSITION OF ABANDONED FF&E OR, ALTERNATIVELY, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY TO ALLOW THE LANDLORD TO CONTINUE EVICTION PROCEEDINGS AND DISPOSE OF FF&E, (III) GRANTING ADEQUATE PROTECTION AND (IV) WAIVING THE 14-DAY STAY UNDER BANKRUPTCY RULE 4001(A)(3)**

Jami Nimeroff, the interim Chapter 7 trustee, ("Trustee") for the above-captioned Debtors' estates, by and through Duane Morris LLP, her proposed counsel, hereby files this response ("Response") to the *Motion of 1436 Loft Offices, LLC* (the "Movant") *for Entry of an Order: (I) Confirming that the Automatic Stay does not Apply to: (A) The Protective Measures and (B) The Landlord's State Court Eviction Proceedings and Disposition of Abandoned FF&E or, Alternatively, (II) Granting Relief from the Automatic Stay to Allow the Landlord to Continue Eviction Proceedings and Dispose of FF&E, (III) Granting Adequate Protection and (IV) Waiving the 14-Day Stay Under Bankruptcy Rule 4001(A)(3)* (Dkt. No. 55) ("Motion").

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947).

As a preliminary matter, the Trustee has already consented to relief from the automatic stay to enable the Movant to enact and undertake the Protective Measures.[2] However, for the reasons set forth herein, the rest of the relief requested in the Motion should be denied as a matter of law or, at the very least, postponed for some time so that the Trustee can try and monetize the Debtors' interest in, and to, the underlying Property and, in support of the Response, the Trustee states as follows:

## BACKGROUND FACTS

1. On November 14, 2025, the Debtors as defined above filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code ("Petition Date").

2. On November 17, 2025, the Trustee was appointed as the interim Chapter 7 Trustee of the Debtors' bankruptcy estates (Dkt. No. 14).

3. As alleged in the Motion, on March 31, 2021, one of the Debtors, Sonder Hospitality USA Inc. ("SHU"), entered into a lease agreement with 1436 Loft Offices, LLC ("Movant").

4. As set forth in the Motion, Movants have asserted that prior to the commencement of these bankruptcy cases, SHU defaulted under its Lease. *See* Motion at ¶ 15.[3]

5. As a result, Movant further asserts that on November 10, 2025, and November 11, 2025, Movant served SHU with termination notices, which purportedly: (i) extinguished SHU's right to possession of the premises located at 1436 W Randolph Street, Chicago, Illinois 60607 ("Premises") and (ii) terminated the Lease. *See* Motion at ¶ 12.

---

[2] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

[3] As alleged in the Motion, Movant alleges that they served written default notices on March 26, 2025, June 16, 2025, July 16, 2025, and October 27, 2025, demanding payment of arrearages. *See* Motion at ¶ 8. However, as the Trustee was only appointed on November 14, 2025, the Trustee has no personal knowledge of any of the "facts" that occurred prior to the commencement of these cases and prior to her appointment.

6. On November 10, 2025, Movant filed its Complaint for Eviction and Breach of Lease against SHU in the Circuit Court of Cook County, seeking possession of the Premises and a money judgment for the outstanding arrears ("State Court Action"). *See* Motion at ¶ 15.

## RESPONSE

7. The Trustee respectfully requests that the Court deny the Motion because if the Lease was terminated prepetition, then the Lease and Premises are not property of the estate and the Court does not have jurisdiction over the relief requested in the Motion. If, however, the Lease was not terminated pre-petition, then the Trustee should be afforded additional time to determine whether to assume or reject the lease under section 365(d)(3) of the Bankruptcy Code, so as to permit the Trustee sufficient time to try and monetize SHU's interest in and to the Property.[4]

### A. Applicable Law

8. The Bankruptcy Code is quite clear that leases that are terminated pre-petition are not property of a debtor's estate and, as such, any collection or litigation concerning such lease is not enjoined by the automatic stay. *See, e.g.*, 11 U.S.C. §§ 362(b)(10),[5] 365(c)(3) and 541(b)(2).[6]

---

[4] If the Trustee is unable to monetize SHU's interest in the Property shortly, then the Trustee will consent to relief from the stay.

[5] Similarly, Section 362(b)(10) of the Bankruptcy Code also precludes the imposition of the automatic stay for any nonresidential lease of real property that was previously terminated prior to the commencement of the debtor's bankruptcy case.

In particular, 11 U.S.C. § 362(b)(10) provides:

> (b) The filing of a petition ... does not operate as a stay—...
>
> of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of ... a case under this title to obtain possession of such property ....

11 U.S.C. § 362(b)(10).

[6] 11 U.S.C. § 541(b)(2) states in relevant part:

> (b) Property of the estate does not include—...

9. Further, 11 U.S.C. § 365(c)(3) provides that the "trustee may not assume or assign any ... unexpired lease of the debtor ... if ...(3) such lease is of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief." *In re Scarsdale Tires Inc.*, 47 B.R. 478, 480 (S.D.N.Y.1985) ("It is settled law that a lease or license that was terminated before the filing of a bankruptcy petition is neither affected by the automatic stay under 11 U.S.C. § 362(a) nor may it be assumed by the debtor under 11 U.S.C. § 365"). *See also, In re Truong*, 557 B.R. 326, 331–32 (Bankr. D.N.J. 2016).

B. **If the Lease was Terminated Prepetition, Then the Court has no Jurisdiction.**

10. If the Lease was terminated properly prior to the commencement of these bankruptcy cases, then the Lease is not property of the estate and the Court has no jurisdiction over the Lease. *See, e.g., Matter of Triangle Lab'ys, Inc.*, 663 F.2d 463, 467–68 (3d Cir. 1981).

11. In the *Triangle* case, the United States Court of Appeals for the Third Circuit opined that:

> [t]his interpretation [namely, that a pre-petition terminated lease cannot be assumed and assigned post-petition] of section 365(e)(1) is consistent with the recognized principle of bankruptcy law that an executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy, and cannot therefore be included among the debtor's assets.

*Id.*

12. Furthermore, it is also well established that bankruptcy courts only have jurisdiction with regards to property of the estate. *See, In re May*, 661 B.R. 40, 48 (Bankr. E.D. Pa. 2024) ("It

---

(2) *any interest* of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease ....

11 U.S.C. § 541(b)(2) (emphasis added).

is axiomatic that Bankruptcy Courts only have jurisdiction with regard to property of the bankruptcy estate.").

13.    The Movant contends that the Lease was terminated on November 10, 2025.

14.    If that is indeed the case, then SHU does not have an interest in the Lease and Premises. Therefore, the Lease would not be property of the estate or enjoined by the automatic stay and would be outside of this Court's jurisdiction.

15.    The Trustee has not had adequate time to determine the status of individual leases under the facts and circumstances of each case, and the granting of interim relief permitting landlords to implement measures to protect their premises eliminates the need for immediate stay relief.

### C. Irrespective of Whether he Lease was not Terminated, SHU May Have an Interest in the FF&E and, if the Lease was not Properly Terminated, SHU Also has an Interest in the Underlying Leasehold.

16.    Irrespective of whether the Lease was terminated prepetition, SHU may have an interest in the personal property and furniture, fixtures, and equipment located in or at the Premises (collectively, "FF&E") and the Lease. *See, e.g.*, 11 U.S.C. § 541(a)(1).[7]

17.    Even if this interest in the FF&E is *de minimis*, courts have routinely ruled that "acts against the debtor or property of the debtor or his estate are stayed by operation of 11 U.S.C.

---

[7] 11 U.S.C. § 541 states in relevant part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1).

§ 362(a). This is true even when the property is merely 'arguably' property of the debtor or his estate." *In re Hertzberg*, 521 B.R. 99, 106 (Bankr. W.D. Pa. 2014); *see also Bohm v. Howard (In re Howard)*, 422 B.R. 593, 606–607 (Bankr.W.D.Pa. 2010); *In re Levenstein*, 371 B.R. 45, 47 (Bankr.S.D.N.Y.2007).

18. While in the Motion, Movant asserts that there is no equity in the FF&E, there have been no valuations, discovery or other evidence to sustain the Movant's burden that, at this point in time, SHU has no legal or equitable interest in the FF&E, especially since it is undisputed that "title" to the FF&E is not in the hands of the Movant, but, rather is in the hands of SHU.

19. The Movant's request to sell or dispose of the FF&E should be stayed pending discovery to determine whether or not there is "equity" in and to the FF&E..

20. Furthermore, to the extent that the Lease was not terminated prior to the Petition Date, SHU has a property right interest in and to the Lease.

21. As of the date hereof, the Trustee has received a proposed letter of intent from an unrelated third party (which, candidly, is subject to the potential bidder's due diligence) to purchase the Debtors' interests in a number of leases, including, this Lease.

22. In addition to this proposed letter of intent, the Trustee, since her appointment, has received numerous emails from unrelated third parties expressing interest in purchasing the Debtors' interests in some or all of the Leases and, as of the date hereof, the Trustee is evaluating whether a sale process or even multiple sale processes of the Debtors' interests in all of the Leases is feasible.

23. In light of this letter of intent and other expressions of interest, SHU may have "equity" in and to the Lease, which "equity" could be monetized to benefit SHU and its estate.

24. Accordingly, cause exists under section 365(d)(3) of the Bankruptcy Code to defer any adjudication on the Motion for a period of up to 60 days to afford the Trustee sufficient time to monetize SHU's "equity" in and to the Lease or determine that any monetization of SHU's interest in the Lease is not feasible.

25. Furthermore, upon information and belief, the landlord counterparties to the Debtors' leases, such as the Movant, are protected by substantial security deposits or letters of credit and will not be unduly prejudiced by the delay.

26. If, upon the expiration of this period, the Trustee is incapable of monetizing SHU's "equity" in and to the Lease, then the Trustee will consent to Movant's relief from stay request.

### D. Movant's Pursuit of State Court Action Violates the Automatic Stay

27. While the Trustee concedes that under 11 U.S.C. § 362(b)(10),[8] the State Court Action could be exempted from the automatic stay, the Trustee also contends that this exception to the automatic stay only applies if the Movant is seeking possession exclusively.

28. However, as set forth more fully in the Motion, the Trustee does not believe that Section 362(b)(10) is applicable, especially since, as asserted in the Motion, the State Court Action seeks damages and attorneys' fees and is not limited to possession of the Premises.

29. In interpreting Section 362(b)(10), courts have routinely held that this exception only applies to possession. *See In re Truong*, 557 B.R. 326, 335–36 (Bankr. D.N.J. 2016) ("[...]

---

[8] Section 11 U.S.C. § 362(b)(10) states,

> (b) The filing of a petition ... does not operate as a stay—...
>
> of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of ... a case under this title to obtain possession of such property ....

11 U.S.C. § 362(b)(10).

Court also agrees with that portion of Judge Edwards's decision which provides that, while the stay does not apply to Broadway's eviction proceedings, it does apply to any efforts to collect rents or other damages from the Debtor.").

30. In this case, the requested relief in the complaint filed in the State Court Action seeks, among other things:

> [...] (i) an Eviction Order; and (ii) money judgment against Tenant, SONDER HOSPITALITY USA INC., in the amount of $225,275.98, plus rent and other charges which continue to accrue through the date of judgment, attorneys' fees and costs, and (iii) any other relief this Court deems just.

*See* Exhibit 4 to the *Declaration of Trevor P. Ryan in Support of Motion of 1436 Loft Offices, LLC for Entry of an Order: (I) Confirming that the Automatic Stay Does Not Apply to the Landlord's State Court Eviction Proceedings and Disposition of Abandoned FF&E Or, Alternatively, (II) Granting Relief From the Automatic Stay to Allow the Landlord to Continue Eviction Proceedings and Dispose of FF&E, (III) Granting Adequate Protection and (IV) Waiving the 14-Day Stay Under Bankruptcy Rule 4001(A)(3)*.

31. As the State Court Action seeks damages, fees, and other charges, which are not subject to the exception provided for by Section 362(b)(10), the Trustee believes that Section 362(b)(10) of the Bankruptcy Code is inapplicable and, as such, the Trustee respectfully requests that the Court determines that the State Court Action is subject to the automatic stay.

## CONCLUSION

Based on the foregoing, the Trustee respectfully requests that the Court deny the Motion and grant such other relief as this Court deems just or appropriate. In the alternative, to the extent that this Court believes that Movant has sustained its burden with respect to the relief from stay portion of its Motion, the Trustee respectfully requests that any order granting such relief be

adjourned for a little while longer so that the Trustee can try and monetize SHU's interest in and to the Lease for the benefit of the SHU estate and its creditors.

Dated:  December 3, 2025

DUANE MORRIS LLP

By: /s/ *Lawrence J. Kotler*
Lawrence J. Kotler, Esq. (DE No. 4181)
1201 North Market St, Ste. 501
Wilmington, DE 19801
Telephone: (302) 657-4900
Fax: (302) 657-4901

*Proposed counsel for Jami Nimeroff, the Chapter 7 trustee*