**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SONDER HOLDINGS INC.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-12040<br><br>Related Docket Nos. 8 and 33 |

**TRUSTEE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS IN RESPONSE TO THE EMERGENCY MOTION BY MARRIOTT INTERNATIONAL, INC. FOR ENTRE OF AN ORDER (1) DETERMINING EMERGENCY MEASURES TO PROTECT GUESTS DO NOT VIOLATE THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, (2) GRANTING RELEIF FROM THE AUTOMATIC STAY RETROACTIVE TO THE PETITON DATE PURSUANT TO 11 U.S.C. § 362(D)**

Jami Nimeroff, the interim Chapter 7 trustee, ("Trustee") for the above-captioned Debtors' estates, by and through her proposed undersigned counsel, hereby files this limited objection and reservation of rights ("Response") to the *Emergency Motion by Marriott International, Inc. for Entry of an Order (1) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief from the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d)* (the "Emergency Motion"). In support of her Response, the Trustee states as follows:

1. The Trustee and Marriot International, Inc. ("Marriott") negotiated the terms of an Interim Order permitting Marriott to implement the Emergency Measures requested through the Motion on an interim basis.

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947).

2. Since the entry of the Interim Order, Marriott has proposed the elimination of access rights of former Sonder employees to the Marriott and Sonder Shared Systems, as provided in paragraph 4.f.(2) of the Interim Order.

3. The Trustee has proposed a resolution of Marriott's proposed modification of access to the Shared Systems that eliminates the direct access of Sonder employees, but (i) permits the Trustee to make requests for information required by the Debtors with respect to fulfilling its obligations in these Chapter 7 cases, and (ii) maintains the Trustee's right to obtain such information in connection with the Trustee's needs for administration of these estates. To date, the Trustee has not received reporting from Marriott on the rebooking of guests with current and upcoming reservations, as required by paragraph 4.f.(4) of the Interim Order. The Trustee requires this information in connection with addressing potential claims against the Debtors' estates from guests who paid in advance but were not able to use or complete their reservation with the Debtors.

4. The Trustee submits this limited objection and reservation of rights because as of the objection deadline, the terms of a final order with respect to the Emergency Measures have not been agreed by and between Marriott and the Trustee.

5. The Trustee has no objection to the entry of a final order on terms consistent with the Interim order and the provisions of paragraph 3 above.

6. The Trustee reserves the right to object to any further or alternative relief requested by Marriott in connection with a proposed final order on the Motion.

7. In addition, implementation of the Emergency Measures on a final basis does not require the Court to rule on the validity of Marriott's prepetition termination of the License Agreement with the Debtors. First, the Interim Order already grants Marriott the right to exercise its rights under sections 19.2, 19.3 and 19.4, which are the Post-Termination provisions of the

License Agreement. See Interim Order, ¶ 4.e. Second, the Motion lacks adequate information necessary to make such a determination, including but not limited to the information relied on with respect to Marriott's purported termination of the License Agreement, for which the Trustee may require further discovery.

8. Finally, as noted in the Motion, to the extent the License Agreement was terminated prepetition, the Debtors no longer have a property interest in the licensed property. [Motion, ¶ 37]. If the License Agreement was terminated properly prior to the commencement of these bankruptcy cases, then the License Agreement is not property of the estate and the Court has no jurisdiction over it. *See, e.g.*, *Matter of Triangle Lab'ys, Inc.*, 663 F.2d 463, 467–68 (3d Cir. 1981).

9. In the *Triangle* case, the United States Court of Appeals for the Third Circuit opined that:

> [t]his interpretation [namely, that a pre-petition terminated lease cannot be assumed and assigned post-petition] of section 365(e)(1) is consistent with the recognized principle of bankruptcy law that an executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy, and cannot therefore be included among the debtor's assets.

*Id.*

10. Furthermore, it is also well established that bankruptcy courts only have jurisdiction with regards to property of the estate. *See, In re May*, 661 B.R. 40, 48 (Bankr. E.D. Pa. 2024) ("It is axiomatic that Bankruptcy Courts only have jurisdiction with regard to property of the bankruptcy estate.").

WHEREFORE, based on the foregoing, the Trustee respectfully requests that the Court approve the Motion only to the extent the proposed final order is consistent with this limited objection and reservation of rights, and grant such other relief as this Court deems just or appropriate.

- 4 -

Date:  December 3, 2025          **SULLIVAN · HAZELTINE · ALLINSON LLC**
      Wilmington, DE

                                        */s/ William D. Sullivan*
                                        William D. Sullivan (No. 2820)
                                        919 North Market Street, Suite 420
                                        Wilmington, DE  19801
                                        Tel: (302) 428-8191
                                        Email: bsullivan@sha-llc.com

                                        *Proposed Counsel for Jami Nimeroff, the Interim Chapter 7 Trustee*