# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 7 <br> ) |
| SONDER HOLDINGS INC.,[1] | ) Case No. 25-12040(KBO) <br> ) |
| Debtors. | ) (Jointly Administered) <br> ) <br> ) Re: Docket No. **55** |

### ORDER PARTIALLY GRANTING 1436 LOFT OFFICES, LLC RELIEF FROM THE AUTOMATIC STAY TO TAKE PROTECTIVE MEASURES RETROACTIVE TO THE PETITION DATE

Upon the *Motion of 1436 Loft Offices, LLC for Entry of an Order: (I) Confirming the Automatic Stay does not Apply to: (a) the Protective Measures or (b) the Landlord's State Court Eviction Proceedings and Disposition of Abandoned FF&E or, Alternatively, (II) Granting Relief from the Automatic Stay, (III) Granting Adequate Protection and (IV) Waiving the 14-Day Stay Under Bankruptcy Rule 4001(a)(3)* (the "Motion"),[2] filed by 1436 Loft Offices, LLC (the "Landlord"); the Trustee and the Landlord having agreed that, to the extent necessary, relief from the automatic stay is appropriate with respect to the Protective Measures; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

[2] Capitalized terms used but not defined herein shall have the meaning given to such term in the Motion.

§ 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Landlord is granted relief from the automatic stay solely with respect to the Protective Measures and to take all actions necessary to protect the Premises. All other relief requested by the Motion will be considered at the hearing scheduled for December 8, 2025.

3. The Trustee will make reasonable efforts to assist Landlord in implementing the Protective Measures.

4. Notwithstanding the entry of this Order, both Landlord and the Trustee reserve all of their rights, claims and/or defenses regarding whether the Lease was, in fact, terminated prior to the Petition Date and all of Landlord's and the Trustee's rights are hereby reserved and preserved.

5. This Order shall be fully effective and enforceable immediately upon entry, and the fourteen (14) day stay under Bankruptcy Rule 4001(a)(4) is waived.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: December 3rd, 2025
Wilmington, Delaware

KAREN B. OWENS
CHIEF JUDGE