**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SONDER HOLDINGS INC.[1], *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 25-12040 (KBO)<br><br>**Objection Deadline: December 18, 2025 at 4:00 p.m. ET**<br>**Hearing Date: January 23, 2026 at 10:00 a.m. ET** |

**TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF GORDON BROTHERS REALTY SERVICES, LLC AS HER REAL ESTATE CONSULTANT AND ADVISOR EFFECTIVE AS OF DECEMBER 2, 2025; (II) WAIVING CERTAIN TIMEKEEPING REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

Jami Nimeroff, Esquire (the "Trustee"), the court-appointed, interim chapter 7 trustee for the estates of Sonder Holdings Inc. and its affiliated debtors (the "Debtors") in the above-captioned bankruptcy cases (collectively, the "Bankruptcy Case"), by and through the proposed undersigned counsel, respectfully requests the entry of an Order (i) authorizing the retention and employment of Gordon Brothers Realty Services, LLC as her real estate consultant and advisor effective as of December 2, 2025; (ii) waiving certain timekeeping requirements and (iii) granting related relief (the "Application") and, in support hereof, the Trustee represents as follows:

## BACKGROUND

### A. These Chapter 7 Cases

1. On November 14, 2025 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") [Dkt. No., 1].

2. These chapter 7 cases (the "Chapter 7 Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. On November 17, 2025, the Trustee was appointed as the interim chapter 7 trustee for the Debtors and their estates [Dkt. No. 14].

4. The Debtors commenced voluntary chapter 7 cases and no longer have ongoing business operations.

5. Upon information and belief, as of the Petition Date, the Debtors owed in excess of $240.5 million in unpaid principal to their senior secured creditors.

6. Prior to the commencement of these cases, the Debtors were party to certain executory contracts and unexpired leases (collectively, with all associated owned personal property, located at, or used primarily in connection with, such properties and all owned digital assets (*e.g.* photos) associated with such properties, any licenses or permits necessary for the operation of the properties, to the extent transferable, and any and all codes, keys and similar access mechanisms required to access and maintain the properties, the "Assets").

7. On December 3, 2025, the Trustee filed the *Motion of Jami Nimeroff, Interim Chapter 7 Trustee of the Debtors' Estates for Entry of an Order: (I) Approving the Form and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors' Unexpired Real Property Leases Free and Clear; and (IV) Granting Related Relief* [Dkt. No. 123] (the "Bidding Procedures

Motion"), seeking, among other things, approval of certain sales and bidding procedures for the assumption and assignment of the Assets.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

9. This is a core proceeding under 28 U.S.C. § 157(b).

10. Venue of these Chapter 7 Cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

11. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final judgment or order by the Court with respect to this Application if it is later determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

**RELIEF REQUESTED**

12. By this Application, pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2(h), the Trustee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") (i) authorizing, but not directing, the Trustee to employ and retain Gordon Brothers Realty Services, LLC ("Gordon Brothers") as real estate advisor, effective as of December 2, 2025, pursuant to and in accordance with the terms and conditions set forth in the engagement agreement between the Debtors and Gordon Brothers, effective as of December 2, 2025, attached hereto as **Exhibit B** (the "Engagement Agreement"); (ii) approving a waiver of compliance with the

information requirements relating to compensation set forth in the U.S. Trustee Guidelines (as defined below); and (iii) granting related relief.

13. In support of this Application, the Trustee submits the *Declaration of Jonas D.L. McCray in Support of Trustee's Application for Entry of an Order (I) Authorizing the Retention and Employment of Gordon Brothers Realty Services, LLC, as Real Estate Advisor Effective as of December 2, 2025; (II) Waiving Certain Timekeeping Requirements; and (III) Granting Related Relief* (the "McCray Declaration"), attached hereto as **Exhibit C**.

**GORDON BROTHERS' QUALIFICATIONS**

14. The Trustee requires the retention of a qualified real estate consultant to, among other tasks, provide real estate consulting and lease negotiation services and assist her in critical tasks associated with guiding the Trustee through these Chapter 7 Cases.

15. Prior to the commencement of the Bankruptcy Cases, the Debtors were party to non-residential real property leases, more fully described on Exhibit A to the Engagement Agreement (each, a "Lease," and collectively, the "Leases") that necessitate substantial expense each month.

16. The Trustee intends to utilize Gordon Brothers to evaluate the Lease portfolio to, among other things, quantify and monetize the Debtors' leasehold interests in the Leases, especially since the Trustee, since her appointment has been trying to monetize the Debtors' some or all of the remaining Leases.

17. Gordon Brothers is a diversified real estate consulting and advisory firm that evaluates, restructures, and facilitates the acquisition and disposition of various types of real estate assets both nationally and internationally.

18. The Trustee seeks to retain Gordon Brothers in particular because of Gordon Brothers' qualifications and substantial experience in real estate restructuring matters. Gordon

Brothers has extensive experience solving complex real estate problems and evaluating, negotiating, marketing, and restructuring real estate lease terms. Gordon Brothers has an excellent reputation as a leader in the real estate field and has an experienced team of real estate professionals.

19. Gordon Brothers' real estate services team also has skills in improving the cash flows of its clients' businesses through the repositioning and restructuring of real estate commitments.

20. Gordon Brothers' real estate services team executes real estate strategies quickly and efficiently by advising its clients on a range of options and working with landlords, investors, buyers, sellers, and lenders.

21. Gordon Brothers works across industry sectors and products, serving distressed and healthy companies in the United States and globally, providing services which include analysis, valuation, and strategic real estate planning, real estate acquisition and disposition, real estate financing and sale-lease back, and real estate lease-related services, including negotiation, modification, and termination of leases.

22. Moreover, Gordon Brothers or its predecessor affiliate has served as a real estate advisor in a similar capacity as contemplated here in many complex bankruptcy cases. *See, e.g.*, *In re ESCO, Ltd.*, No. 23-12237 (DER) (Bankr. D. Md. April 27, 2023); *In re Shiekh Shoes, LLC*, No. 17-24626 (VPZ) (Bankr. C.D. Cal. Dec. 28, 2017); *In re RadioShack Corporation*, No. 15-10197 (BLS) (Bankr. D. Del. Feb. 5, 2015); *In re Fresh & Easy Neighborhood Market Inc.*, No. 13-12569 (KJC) (Bankr. D. Del. Oct. 25, 2013); *In re Borders Group, Inc.*, No. 11-10614 (MG) (Bankr. S.D.N.Y. Feb. 16, 2011); *In re Blockbuster Inc.*, No. 10-14997 (BRL) (Bankr. S.D.N.Y. Nov. 23, 2010); *In re Circuit City Stores, Inc.*, No. 08-35653 (KRH) (Bankr. E.D. Va.

Jan. 9, 2009); *In re Linens Holding Co.*, No. 08-10832 (CSS) (Bankr. D. Del. July 24, 2008); *In re American Apparel, Inc.*, No. 15-12055 (BLS) (Bankr. D. Del. Nov. 17, 2015).

23. For the foregoing reasons, the Trustee believes that Gordon Brothers is well qualified to advise the Trustee in an efficient and timely manner, and that the engagement of Gordon Brothers is critical to her efforts in the Chapter 7 Cases.

24. Accordingly, the Trustee believes that Gordon Brothers' retention as her real estate advisor/consultant is in the best interests of the Debtors' estates.

## SCOPE OF SERVICES TO BE PROVIDED BY GORDON BROTHERS

25. As set forth more fully in the Engagement Agreement, Gordon Brothers will provide the following services (the "Services") with respect to the Debtors' Leases and Assets as necessary, appropriate, feasible, and as may be requested by the Trustee, pursuant to the terms of the Engagement Agreement:

(i) Meeting with the Trustee to ascertain the Trustee's goals, objectives, and financial parameters with respect to the sale of the Leases;

(ii) Marketing some or all the Debtors' Leases and negotiating with landlord and/or any other third parties to assist the Trustee in monetizing the Leases.

(iii) Reporting periodically to the Trustee regarding the status of negotiations with landlords and other prospective purchasers for the sale or other disposition of the Leases;

(iv) Soliciting competitive offers from potential purchasers; and

(v) Advising and assisting the Trustee in structuring the sale or other disposition of the Leases; evaluating offers received, and assist in negotiating the assignment and assumption, lease termination, and/or stalking horse agreements and participating in court proceedings seeking approval of any transactions, as necessary

26. The Services are necessary to enable the Trustee to maximize the value of the Debtors' Leases and the Assets and are in the best interests of the Debtors, their estate, and their creditors.

27. As a consequence, the Trustee has requested that Gordon Brothers perform the Services set forth in the Engagement Agreement and summarized herein, subject to the Court's approval of this Application, and Gordon Brothers has stated its desire, willingness, and ability to act as the Trustee's real estate advisor in these Chapter 7 Cases.

## NO DUPLICATION OF SERVICES

28. The Services that Gordon Brothers will provide to the Trustee will be appropriately directed by the Trustee and Gordon Brothers to avoid duplication of efforts among the other professionals retained in these Chapter 7 Cases.

29. The Trustee believes that the services to be provided by Gordon Brothers will complement, and will not be duplicative, of any services of the Trustee's other professionals. However, the Trustee will coordinate with Gordon Brothers and her other professionals to minimize unnecessary duplication of efforts.

## GORDON BROTHERS' COMPENSATION

30. Subject to the Court's approval, the Trustee will compensate Gordon Brothers in accordance with the terms and conditions set forth in the Engagement Agreement.

31. It is contemplated that Gordon Brothers will be compensated and reimbursed for expenses (the "Fee and Expense Structure") as follows:

i. ***Lease Fee.*** For each closing of a transaction in which any Lease is sold, assigned, or otherwise disposed or transferred to a third party, including lease termination transactions with landlords in which the landlord pays the Trustee for such termination ("Lease Sale"), Gordon Brothers shall earn a fee in a dollar amount equal to four and one-half percent (4.5%) of the Gross Proceeds (as defined in the Engagement Agreement) of such disposition.

ii. ***Transactional Costs and Legal Expenses.*** Gordon Brothers shall not be responsible for any transactional costs and/or legal expenses incurred by the Trustee or the Debtors in connection with the retention of the Gordon Brothers and the Trustee's review of any proposed legal terms in connection with the Leases.

iii. ***Gordon Brothers' Expenses.*** The Trustee shall reimburse Gordon Brothers for all expenses incurred, subject to the Court's approval, provided that, prior to incurring any expenses, Gordon Brothers shall provide the Trustee with a budget and obtain the approval of the Trustee.

32. Gordon Brothers also intends to seek reimbursement for its reasonable out-of-pocket expenses (including, but not limited to, legal, mailing, marketing, and travel expenses) incurred in connection with its retention and performance of the Services. Any reimbursable expenses for goods or services provided by third parties will be billed and payable without markup by Gordon Brothers, and with respect to reimbursable expenses incurred by Gordon Brothers directly, will represent the actual expense to Gordon Brothers for providing such goods or services.

33. In the ninety (90) days immediately preceding the Petition Date, Gordon Brothers has not received incurred any fees or expenses from the Trustee.

34. The Trustee believes that the Fee and Expense Structure described above and set forth in the Engagement Agreement is comparable to compensation generally charged by real estate advisors of similar stature to Gordon Brothers for comparable engagement, both in and out of bankruptcy.

35. Furthermore, the Trustee believes and has been informed that the Fee and Expense Structure is consistent with Gordon Brothers' normal and customary billing practices for cases of comparable size and complexity that require the level and scope of services to be provided in the case.

## GORDON BROTHERS' DISINTERESTEDNESS

36. To the best of the Trustee's knowledge, and as set forth in more detail in the McCray Declaration, and subject to the disclosures made therein, Gordon Brothers: (i) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and (ii) does not hold or represent any interest that is

adverse to the Debtors or their estates as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code.

37. Furthermore, except as disclosed in the McCray Declaration, Gordon Brothers has indicated that based on the results of its research conducted to date, and to the best of its knowledge, neither Gordon Brothers, nor any employee thereof, has any connection with the Debtors, any creditors of the Debtors' estate, or any other parties in interest (as reasonably known by Gordon Brothers), or the U.S. Trustee or any person employed by the Office of the U.S. Trustee.

38. Gordon Brothers is not owed any amounts by the Debtors as of the Petition Date and does not hold a claim against the Debtors' estate. Gordon Brothers has indicated that if it discovers any information that is contrary or pertinent to the statements made in the McCray Declaration, it will promptly disclose such information to this Court, the Trustee, and the U.S. Trustee.

39. The Trustee has also been advised that Gordon Brothers has not agreed to share with any person or firm, other than its own members and employees, the compensation to be paid for the professional services rendered in connection with these Chapter 7 Cases.

**MODIFICATION OF COMPLIANCE WITH**
**REQUIREMENTS REGARDING TIME ENTRY DETAIL**

40. The Trustee respectfully submits that inasmuch of Gordon Brothers' compensation is results oriented and directly related to benefits received by the Debtors' estate as a result of the Services requiring Gordon Brothers to file detailed time records and periodic fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, and in compliance with Bankruptcy Rule 2016 and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "U.S. Trustee Guidelines") is unnecessary under the circumstances.

41. The Trustee requests that Gordon Brothers be excused from the requirements to file interim fee applications or maintain time records.

42. Instead, the Trustee requests that Gordon Brothers be permitted to file a final fee statement with a summary of the fees earned and reimbursable expenses incurred (the "Fee Statement").

43. Consistent with its ordinary practice and the practice of real estate advisors in other chapter 7 cases whose fee arrangements are not hours-based, Gordon Brothers does not typically maintain contemporaneous time records or provide or conform to a schedule of hourly rates for its professionals.

44. Rather, in exchange for its Services, Gordon Brothers will receive compensation as set forth in the Engagement Agreement.

45. Given the foregoing and that Gordon Brothers' compensation is based on the savings to be achieved from restructuring the Debtors' Leases, the Trustee requests that, notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, or any other guideline regarding the submission and approval of fee applications, Gordon Brothers' professionals be excused from (i) submitting monthly and interim fee applications as set forth in Bankruptcy Rule 2016 and (ii) maintaining time records in connection with the Services to be rendered pursuant to the Engagement Agreement.

46. In addition to filing the Fee Statement, Gordon Brothers will submit invoices to the Trustee, her proposed counsel, Duane Morris LLP, and the U.S. Trustee, for the payment of compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 7 Cases in accordance with the terms of the Engagement Agreement when such compensation becomes due and owing and such expenses are incurred. Such invoices

shall provide reasonably sufficient detail and support for Gordon Brothers' reimbursement of expenses and the calculation of its fees.

47. The Trustee, Duane Morris LLP and/or the U.S. Trustee shall have fifteen (15) days to review and dispute any such invoice submitted by Gordon Brothers, and if no such disputes are received, the Trustee shall be authorized to pay such Gordon Brothers' invoices without any further order of the Court. If an objection is received, the Trustee shall withhold the portion of the payment that is subject to an objection and promptly pay the remainder. All objections that are not resolved shall be preserved and presented to the Court for determination.

48. The Trustee believes that the applications submitted in the manner set forth herein will provide the Court and other parties in interest with sufficient information to monitor the amount and types of services rendered to the Trustee by Gordon Brothers and is necessary, and in the best interests of the Debtors, their creditors and their estates. Furthermore, similar procedures have been approved between debtors and similar professionals by bankruptcy courts in this and other jurisdictions. *See*, *e.g.*, *In re Express, Inc.*, Case No. 24-10831 (KBO) (Bankr. D. Del. June 5, 2024); *In re 24 Hour Fitness Worldwide, Inc.*, Case No. 20-11558 (KBO) (Bankr. D. Del. July 14, 2020); *In re True Religion Apparel, Inc.*, Case No. 20-10941 (CSS) (Bankr. D. Del. June 11, 2020); *In re Claire's Stores, Inc.*, Case No. 18-10584 (MFW) (Bankr. D. Del. Apr. 17, 2018); *In re Bertucci's Holdings, Inc.*, Case No. 18- 10894 (MFW) (Bankr. D. Del. May 3, 2018); *In re Tommy's Fort Worth, LLC*, Case No. 24-90000 (ELM) (Bankr. N.D. Tex. Aug. 9, 2024); *In re Tuesday Morning Corp.*, Case No. 23-90001 (ELM) (Bankr. N.D. Tex. Apr. 11, 2023); *In re CEC Entertainment, Inc.*, Case No. 20-33163 (MI) (Bankr. S.D. Tex. Oct. 28, 2020); *In re Gymboree Grp., Inc.*, Case No. 19-30258 (KLP) (Bankr. E.D. Va. Mar. 8, 2019).

## BASIS FOR RELIEF

49. The Trustee seeks retention of Gordon Brothers as her real estate advisor pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

50. Section 327(a) provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

51. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

52. As recognized by numerous courts, Congress intended section 328(a) of the Bankruptcy Code to enable a debtor to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to review if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." *In re Nat'l Gypsum Co.*, 123 F.3d 861, 862–63 (5th Cir. 1997); *see In re River Foal, Inc.*, 161 B.R. 568, 569 (Bankr. S.D.N.Y. 1993).

53. The Trustee submits that the Fee and Expense Structure set forth in the Engagement Agreement is reasonable under section 328(a) of the Bankruptcy Code in light of (i) the nature and scope of services to be provided by Gordon Brothers, (ii) industry practice with respect to the fee structure proposed by Gordon Brothers, (iii) market rates charged for comparable services both in

and out of chapter 7, and (iv) Gordon Brothers' substantial experience with respect to real estate issues.

54. In addition, the terms of the Engagement Agreement were negotiated in good faith and at arms-length between the Trustee and Gordon Brothers and reflect the Trustee's evaluation of the value and expertise of the work to be performed by Gordon Brothers.

55. Finally, Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

56. The Trustee submits that for all the reasons stated above and in the McCray Declaration, the retention and employment of Gordon Brothers as real estate advisor to the Trustee is warranted.

57. Further, as stated in the McCray Declaration, Gordon Brothers is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the McCray Declaration

**REQUEST OF WAIVER OF STAY**

58. The Trustee requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other

than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

59. As described above, the relief that the Trustee seeks in this Application is necessary for the Trustee to preserve value for the Debtors' estates.

60. Accordingly, the Trustee respectfully requests that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

61. Notice of this Application will be given to: (i) the U.S. Trustee; (ii) the parties included on the Debtors' consolidated list of their thirty (30) largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the Office of the United States Attorney for the District of Delaware; (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (vii) all parties entitled to notice pursuant to Local Rule 2002-1(b). The Trustee submits that no other or further notice is required.

## NO PRIOR REQUEST

62. No previous request for the relief sought therein has been made to this Court or any other court.

## CONCLUSION

The Trustee respectfully requests that this Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: December 4, 2025

**DUANE MORRIS LLP**

*/s/ Lawrence J. Kotler*

Lawrence J. Kotler (DE 4181)
Drew S. McGehrin (DE 6508)
1201 N. Market Street, Suite 501
Wilmington, Delaware 19801
Tel: 302-657-4900
Fax: 302-657-4901
Email: ljkotler@duanemorris.com
dsmcgehrin@duanemorris.com

*Proposed Counsel to the Chapter 7 Trustee*

**EXHIBIT A**

**Proposed Order**