# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SONDER HOLDINGS INC.[1], *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 25-12040 (KBO)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF GORDON BROTHERS REALTY SERVICES, LLC AS REAL ESTATE ADVISOR EFFECTIVE AS OF DECEMBER 2, 2025; (II) WAIVING CERTAIN TIMEKEEPING REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the Application (the "Application") of Jami Nimeroff, Esquire (the "Trustee"), the court-appointed, interim chapter 7 trustee for the estates of Sonder Holdings Inc. and its affiliated debtors (the "Debtors"), for an order (this "Order") (i) authorizing, but not directing, the Trustee to employ and retain Gordon Brothers ("Gordon Brothers") as real estate advisor as of December 2, 2025; (ii) approving a waiver of compliance with the information requirements relating to compensation set forth in the U.S. Trustee Guidelines; and (iii) granting related relief, all as more fully set forth in the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Application; and this Court having held a hearing to consider the relief requested in the Application (the "Hearing"); and upon the McCray Declaration and the record of the Hearing; and all objections to the relief requested in the Application, if any, having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Trustee, as the court-appointed, interim chapter 7 trustee for the estates of Sonder Holdings Inc. and its affiliated debtors, is authorized to employ and retain Gordon Brothers as real estate consultant and advisor for the Trustee effective as of December 2, 2025, in accordance with the Application and this Order, to perform the services described in the Application and Engagement Agreement attached to the Application as Exhibit B.

3. The terms and provisions of the Engagement Agreement are approved and the Trustee is authorized to compensate Gordon Brothers in accordance with the Engagement Agreement. Gordon Brothers shall not be required to file interim fee applications for its fixed fee

Services; *provided*, that Gordon Brothers shall be required to file a final fee application upon completion of its Services which shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code.

4. In the event that there are any additional services provided by Gordon Brothers to the Trustee, Gordon Brothers shall be required to file interim and final fee applications on an hourly basis only and the time detail provided for such fees may be provided in a summary fashion. Specifically, Gordon Brothers will submit time records setting forth the hours spent on each activity and a description of the additional services provided, but will not break out their time into tenth-of-an-hour increments.

5. The information requirements set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* are hereby waived and Gordon Brothers shall not be required to maintain records of detailed time entries in connection with the Services as that term is defined in the Engagement Agreement.

6. Gordon Brothers shall use reasonable best efforts to coordinate with the Trustee's other professionals to avoid unnecessary duplication of services.

7. The contents of this Application satisfy the requirements of Bankruptcy Rule 6003(b).

8. Notice of the Application satisfies the requirements set forth in Bankruptcy Rule 6004(a).

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

11. Notwithstanding Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules, this Order shall be immediately effective and enforceable immediately upon its entry.

12. The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.