# Exhibit D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| SONDER HOLDINGS INC.,[1] | ) Case No. 25-12040(KBO) |
| | ) |
| Debtors. | ) (~~Joint Administration Requested~~Jointly Administered) |
| | ) |

**ORDER GRANTING MOTION OF 1436 LOFT OFFICES, LLC FOR ENTRY OF AN ORDER: (I) CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO: ~~(A) THE PROTECTIVE MEASURES AND (B)~~ THE LANDLORD'S STATE COURT EVICTION PROCEEDINGS AND DISPOSITION OF ABANDONED FF&E OR, ALTERNATIVELY, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY TO ALLOW THE LANDLORD TO CONTINUE EVICTION PROCEEDINGS AND DISPOSE OF FF&E, (III) GRANTING ADEQUATE PROTECTION AND (IV) WAIVING THE 14-DAY STAY UNDER BANKRUPTCY RULE 4001(a)(~~3~~4)**

Upon the *Motion of 1436 Loft Offices, LLC for Entry of an Order: (I) Confirming the Automatic Stay does not Apply to: (a) the Protective Measures or (b) the Landlord's State Court Eviction Proceedings and Disposition of Abandoned FF&E or, Alternatively, (II) Granting Relief from the Automatic Stay, (III) Granting Adequate Protection and (IV) Waiving the 14-Day Stay Under Bankruptcy Rule 4001(a)(~~3~~4)* (the "Motion"),[2] filed by 1436 Loft Offices, LLC (the "Landlord"); the Court having conducted a hearing on the Motion on December 8, 2025 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor~~, and for the reasons stated on the record at the Hearing, which are incorporated herein by reference~~:

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

[2] Capitalized terms used but not defined herein shall have the meaning given to such term in the Motion.

~~LP 25798470.2 \ 38276.112278.018~~LP 25798470.5 \ 38276.112278.018

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court finds and concludes as follows:[3]

A. The Court has jurisdiction to consider the Motion and requested relief pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion and the requested relief is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

B. Notice of the Motion was adequate under the circumstances, and no other or further notice is required.

C. ~~The Lease between Landlord and Debtor for the Premises was validly terminated prior~~ On December 3, 2025, the Court entered the *Order Partially Granting 1436 Loft Offices, LLC Relief from the Automatic Stay to Take Protective Measaures Retroactive* to the Petition *Date* ~~in accordance with its terms and applicable non-bankruptcy law. As a result, the Debtor has no legal or equitable interest in the Lease or the Premises as of the Petition Date.~~ [Docket No. 130], granting Landlord relief from the automatic stay to take Protective Measures to safeguard the Premises, while reserving all other issues for a later hearing.

D. ~~Pursuant to 11 U.S.C. §§ 362(b)(10) and 541(b)(2), the automatic stay does not apply to any act by the Landlord to (i) any measures taken by Landlord prior to the date hereof to protect the Premises on account of the Debtor's abandonment of such Premises, including, but not limited to, procuring insurance, arranging for utilities and security, and maintaining the Premises (collectively, the "Protective Measures"); and (ii) obtain possession of the Premises or~~

---

[3] The following, together with ~~the~~ any findings of fact and conclusions of law set forth in the record of the Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

~~to exercise its rights and remedies under the Lease, including the right to pursue state court eviction proceedings and to dispose of any FF&E abandoned at the Premises.~~

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein<ins>; provided that it shall not be effective until the earlier of the date that the Trustee files a motion to reject the Lease or January 9, 2026 (the "Effective Date")</ins>.

2. ~~The~~<ins>Upon the Effective Date, relief from the</ins> automatic stay imposed by 11 U.S.C. § 362(a) is ~~inapplicable to the Protective Measures and Landlord's~~<ins>hereby granted to the Landlord to exercise all of its rights and remedies with respect to the Premises and any FF&E located therein, including, without limitation, any</ins> efforts to obtain possession of the Premises, to continue state court eviction proceedings, and to dispose of or retain any FF&E or other personal property abandoned at the Premises.

3. ~~The~~<ins>Upon the Effective Date, the</ins> Premises are deemed abandoned <ins>and surrendered</ins> by the ~~Debtor~~<ins>Trustee</ins> and the Landlord may relet the Premises. To the extent the Landlord seeks to continue state court eviction proceedings, <ins>following the occurrence of the Effective Date,</ins> the Landlord is authorized to exercise all of its rights and remedies under applicable non-bankruptcy law with respect to the Premises, including, without limitation, the right to commence or continue any action or proceeding to recover possession of the Premises and to seek all relief available under state law, without further order of this Court.

4. Any FF&E or other personal property of the Debtor remaining at the Premises ~~as of~~<ins>on</ins> the ~~entry of this Order~~<ins>Effective Date</ins> is deemed abandoned <ins>and surrendered</ins> to the Landlord. The Landlord is <ins>then</ins> authorized to dispose of or retain such property, without notice

to or liability to the Debtor or any <ins>consenting</ins> third parties, in its sole discretion<del>, free and clear of any interest of the Debtor, the estate, or any third party</del>.

<ins>5.     Prior to the Effective Date, Landlord agrees to consider an offer to purchase the Lease, in good faith, provided buyer satisfies section 365 of the Bankruptcy Code in its entirety, including, but not limited to: (i) payment of all cure amounts at closing of the transaction; (ii) buyer provides adequate assurance of future performance; and (iii) no modifications to the Lease, except as Landlord may otherwise agree.  Notwithstanding the foregoing, nothing contained in this Order shall be deemed an admission: (i) by the Landlord that the Debtors' estates have a lease to assume or assign; or (ii) by the Trustee that the lease was validly terminated prepetition.</ins>

<del>5</del><ins>6</ins>.     Nothing in this Order shall be deemed to waive, prejudice, or otherwise affect the Landlord's right to file a proof of claim, assert any administrative expense claim, or seek any other relief in the Chapter 7 Case, <ins>nor shall it affect any of the rights or defenses of the Debtors' estates,</ins> all of which rights are expressly preserved.

<del>6</del><ins>7</ins>.     <del>Pursuant to Bankruptcy Rule 4001(a)(3), this</del><ins>This</ins> Order shall be effective <del>immediately upon its entry and</del><ins>as of the Effective Date.  To the extent applicable,</ins> the 14-day stay imposed by Bankruptcy Rule 4001(a)(<del>3</del><ins>4</ins>) is hereby waived.

<del>7</del><ins>8</ins>.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.