IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| SONDER HOLDINGS, INC.,[1] | Case No. 25-12040 (KBO) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING AVALON INVESTORS 7, LLC**
**LIMITED RELIEF FROM THE AUTOMATIC**

Avalon Investors 7, LLC ("Landlord") having filed the *Motion of Avalon Investors 7, LLC for Entry of an Order (1) Granting Relief from the Automatic Stay to Pursue its State Court Remedies, or, Alternatively, Granting Relief from the Automatic Stay to Implement Protective Measures and Ordering Trustee to Provide Adequate Protection, and (2) Waiving the 14-Day Stay Under Bankruptcy Rule 4001(A)(3)* [D.I. 150] (the "Motion")[2]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; the Court having found that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409; the Court having found that irreparable harm will result to the Landlord's and the Debtors' interest in the property at the Premises if limited relief is not granted immediately; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED as set forth herein.

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

[2] Capitalized terms used as defined terms herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

DM3\22141571.1

2. Landlord is granted relief from the automatic stay solely with respect to the Protective Measures and to take all actions necessary to protect the Premises. All other relief requested by the Motion will be considered at the hearing scheduled for January 23, 2026.

3. The Chapter 7 Trustee shall make reasonable efforts to assist Landlord in implementing the Protective Measures.

4. Notwithstanding the entry of this Order, both Landlord and the Chapter 7 Trustee reserve all of their rights, claims, and or defenses regarding the Lease, and all of Landlord's and the Chapter 7 Trustee's rights are hereby reserved and preserved.

5. Pursuant to Bankruptcy Rule 4001(a)(3), this Order shall be effective immediately upon entry, and the 14-day stay shall not apply.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: December 9th, 2025
Wilmington, Delaware

KAREN B. OWENS
CHIEF JUDGE

DM3\22141571.1