IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § § | |
| SONDER HOLDINGS INC., *et al.*,[1] | § § | CASE NO. 25-12040 (KBO) |
| DEBTORS. | § § § | Chapter 7 |

## AP NEWBERRY STREET PORTFOLIO #1, LLC'S
## OBJECTION TO PROPOSED CURE AMOUNT

AP Newberry Street Portfolio #1, LLC ("Landlord"), a landlord and creditor of the debtor Sonder USA Inc. ("Sonder"), submits this objection and reservation of rights (the "Objection") in relation to the *Order Approving Motion of Jami Nimeroff, Interim Chapter 7 Trustee of the Debtors' Estates for Entry of an Order: (I) Approving the Form and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors' Unexpired Real Property Leases Free and Clear; and (IV) Granting Related Relief* (the "Bidding Procedures Order") (Dkt. No. 192) and the *Assignment and Cure Notice* (the "Cure Notice") (Dkt. No. 192-2), and states:

1.  Landlord is the lessor under a Lease Agreement between Landlord and Sonder dated December 19, 2019, as amended by that First Amendment to Lease dated December 10, 2021, and that Completion Date Certificate dated August 11, 2022 (the "Lease"). The Lease is for certain nonresidential real property known as 234-236 Newberry Street, Boston Massachusetts 02116 (the "Property").

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

2. On November 14, 2025 (the "Petition Date"), Sonder and several affiliated entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

3. Jami Nimeroff, Esquire (the "Trustee"), was appointed interim chapter 7 trustee for the Debtors.

4. As of the Petition Date, $79,343.45 was due and owing to Landlord under the Lease.

5. On December 12, 2025, the Court entered the Bidding Procedures Order, setting up a process for the potential sale of some of the Debtors' assets. In the Cure Notice the Lease is identified as subject to possible assumption and assignment with a proposed cure amount of $95,414.00 (the "Proposed Cure Amount").[2]

6. The Proposed Cure Amount is substantially less than the unpaid rent and other amounts which became due under the Lease in October, November, and December 2025, which is the amount necessary to cure all monetary defaults under the Lease as of the date of this objection.

7. As of the date of this Objection, the actual amount due and owing to Landlord under the Lease, and the amount that must be paid to Landlord in connection with any assumption and assignment of the Lease, is **$134,352.97** (plus any other amounts which may become due and owing between the date of this objection and the actual assumption and assignment) (the "Actual Cure Amount").  Accordingly, Landlord objects to the Proposed Cure Amount.

8. Landlord expressly reserves all of its rights, claims, counterclaims, defenses and remedies under the Bankruptcy Code, its agreements with Sonder, and other applicable law.  In addition, there may be unknown and/or unasserted claims that may exist presently or may exist in

---

[2] The Lease is included as item #6 in the Cure Notice, and the landlord is incorrectly identified as Asana Partners.

the future against Landlord for which Sonder may be obligated to indemnify and defend Landlord under the Lease. Landlord reserves all of its rights under the Lease and applicable law to assert a claim for any and all amounts which may be due and owing for any currently unknown and/or unasserted claim against Landlord that may presently exist or may exist in the future for which Sonder may be obligated to indemnify and defend Landlord.

9. At this time, it is impossible for Landlord or this Court to decide whether any proposed assignment of the Lease is permissible under the relevant provisions of section 365. As to any such proposed assignment, Landlord notifies the Debtors, the Trustee, and all interested parties that Landlord will insist on strict compliance with section 365, including (a) payment of the Actual Cure Amount, (b) compensation of all of Landlord's pecuniary losses, including Landlord's attorneys' fees and expenses, and (c) provision of adequate assurance of any proposed assignee's future performance under the Lease.

10. Landlord expressly reserves the right to supplement this objection or file a separate objection if and when any proposed assignee of the Lease is disclosed.

20. Nothing in this Objection is intended to be, or should be construed as, a waiver by Landlord of any of its rights under the Lease, the Bankruptcy Code, or applicable law. Landlord expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this objection and to assert additional objections to any proposed assumption or assignment of the Lease on any and all grounds, including in relation to adequate assurance of future performance; (b) amend the cure amounts; (c) assert additional non-monetary defaults under the Lease; (d) assert any rights for indemnification against Sonder arising under the Lease; and (e) assert any further objections as Landlord deems necessary or appropriate.

WHEREFORE, Landlord respectfully requests that this Court enter an order:

A. sustaining this Objection;

B. prohibiting any assumption of the Lease unless and until the Trustee (i) cures all defaults under the Lease, (ii) compensates all of Landlord's pecuniary losses, including (without limitation) Landlord's attorneys' fees and expenses, and (iii) provides adequate assurance of future performance under the Lease;

C. prohibiting any assignment of the Lease unless and until Trustee (i) assumes the Lease in accordance with the requirement of 11 U.S.C. § 365, and (ii) provides adequate assurance of any proposed assignee's future performance under the Lease; and

D. granting Landlord such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

Dated: December 19, 2025

**GELLERT SEITZ BUSENKELL & BROWN, LLC**

*/s/ Michael Busenkell*
Michael Busenkell (No. 3933)
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
mbusenkell@gsbblaw.com

and

Chip Ford
Phillip M. Fajgenbaum
Parker Poe Adams & Bernstein LLP
620 S. Tryon Street, Suite 800
Charlotte, North Carolina 28202
704-372-9000 – Telephone
chipford@parkerpoe.com
phillipfajgenbaum@parkerpoe.com

**ATTORNEYS FOR AP NEWBERRY STREET PORTFOLIO #1, LLC**