**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SONDER HOLDINGS, INC., *et al.*[1] | ) | Case No. 25-12040 (KBO) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **RE: D.I. 123, 192** |
| | ) | |

**OBJECTION OF VOREA JACKSON LLC TO PROPOSED SALE AND ASSUMPTION AND ASSIGNMENT OF COMMERCIAL REAL PROPERTY LEASE**

Vorea Jackson LLC (the "Landlord"), by and through its undersigned counsel, respectfully submits this objection (the "Objection") to the *Notice of Potential Assumption or Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases* (the "Assumption and Assignment and Cure Notice") [D.I. 192-2] included as Exhibit B to the Order [D.I. 192] (the "Bidding Procedures Order") approving the *Motion of Jami Nimeroff, Interim Chapter 7 Trustee of the Debtors' Estates for Entry of an Order: (I) Approving the Form and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors' Unexpired Real Property Leases Free and Clear; and (IV) Granting Related Relief* [D.I. 123] (the "Bidding Procedures Motion"). In support of this Objection, the Landlord respectfully states as follows:

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

1.      On November 14, 2025 (the "Petition Date"), each of the above-captioned debtors (the "Debtors) filed voluntary petitions for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). Pursuant to an order entered by the Court on November 20, 2025, the Debtors' above-captioned chapter 7 cases (the "Chapter 7 Cases") are being jointly administered. *See* D.I. 38.

2.      On November 17, 2025, Jami Nimeroff (the "Trustee") was appointed as the interim chapter 7 trustee for the Debtors and their estates (the "Estates").  *See* D.I. 14].

3.      Landlord and debtor Sonder USA, Inc. (the "Tenant" or "Sonder USA")  were parties to a commercial lease dated July 7, 2018, pursuant to which Sonder USA leased a portion of the commercial building known as and located at 23-20 Jackson Avenue (a/k/a 45-06 Pearson Street), Long Island City, New York 11101 (the "Premises"), as thereafter amended by an Amendment to Lease dated December 13, 2021, a Second Amendment to Lease dated August 13, 2024, a Third Amendment to Lease dated August 13, 2024, and a Fourth Amendment to Lease dated July 16, 2025 (together, the "Lease").[2]

4.      On November 5, 2025, Landlord served upon Sonder USA, Sonder Canada, Inc., and Sonder Holdings Inc. a *Six (6) Day Notice of Default* (the "Notice of Default"), a true and correct copy of which is attached hereto as **Exhibit 1**.  In the Notice of Default, Landlord advised that Tenant was in default of substantial obligations under the Lease, having failed to pay Rent, Fixed Rent, Expenses, water charges, Management Fees, Tenant's share of maintenance and repair

---

[2] A copy of the Lease has not been attached hereto as it is voluminous and contains confidential information, but a copy will be made available to the Court and the United States Trustee upon request.

costs for the Elevator, and additional rent for the period through November 1, 2025, in the total outstanding amount of $284,373.43.[3]

5. After receiving the Notice of Default, Tenant returned to Landlord the keys to the Premises, provided Landlord with all necessary access codes for the Premises, and declared that it was vacating the premises. Landlord accepted the keys and access codes.

6. On November 10, 2025, Landlord provided the following written communication (the Notice of Acceptance of Surrender of Premises and Termination of Lease") to Sonder USA, Sonder Holdings Inc., and Sonder Canada, Inc.:

> Our onsite staff received the keys and access codes from your employees, and we have been advised that you and your occupants have vacated the premises. Please be advised that we are accepting the surrender by Sonder USA Inc. of the Lease for the Premises at 23-20 Jackson Avenue, Queens, NY.
>
> By reason of the foregoing, the Lease has been terminated. However, please be advised that we are hereby preserving all of our rights under the lease and the Guaranty by Sonder Canada Inc.

A true and correct copy of the Notice of Acceptance of Surrender of Premises and Termination of Lease is attached hereto as **Exhibit 2**.

7. Despite the fact that the Lease was terminated prior to the Petition Date, Sonder USA listed the Lease as an unexpired lease in its bankruptcy schedules. *See* Schedules of Assets and Liabilities for Onder USA Inc., D.I. 86, Schedule G, No. 2.117.

8. On December 3, 2025, the Trustee filed the Bidding Procedures Motion, seeking, among other things, approval of proposed assumption and assignment procedures and related procedures for the sale of unexpired real property lease. On December 9, 2025, the Trustee filed a proposed order granting the Bidding Procedures Motion that included a list of unexpired leases

---

[3] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Lease.

to be assumed and assigned pursuant to the proposed Bidding Procedures Motion that included the Lease. *See* D.I. 168, Ex. 5, No. 24.

9. On December 12, 2025, the Court entered the Bidding Procedures Order, which included the Assumption and Assignment and Cure Notice as Exhibit B thereto, listing the Lease as an unexpired lease that may be assumed and assigned pursuant to the Bidding Procedures Order, and assigning the Lease a proposed cure amount of $0.00.

10. Pursuant to section 365(c)(3) of the Bankruptcy Code, a trustee may not assume or assign a nonresidential lease if such lease "has been terminated under applicable nonbankruptcy law prior to the order for relief." 11 U.S.C. § 365(c)(3).

11. Here, pre-petition, the following events occurred pre-petition: (i) the Landlord served the Tenant with the Notice of Default, pursuant to the terms of the Lease; (ii) the Tenant return the keys to the Premises, provided the Landlord with all necessary access codes, and vacated the Premises; and (iii) the Landlord transmitted the Notice of Acceptance of Surrender of Premises and Termination of Lease to the Tenant and its affiliates and guarantor in writing, as required under the Lease. Under the terms of the Lease and applicable non-bankruptcy law, this constituted termination of the Lease.

12. Because the Lease was terminated pre-petition, it cannot be assumed and assigned in these Chapter 7 Cases. *See* 11 U.S.C. § 365(c)(3). *See also In re EBC I, Inc.*, 356 B.R. 631, 638 (Bankr. D. Del. 2006) (". . . if a contract is terminated pre-petition it is no longer executory and section 365 is not applicable."); *Counties Contracting & Constr. Co. v. Constitution Life Ins. Co.*, 855 F.2d 1054, 1061 (3d Cir. 1988) (holding that a contract cannot be assumed via section 365 of the Bankruptcy Code if it has already expired according to its terms).

**Reservation of Rights**

13.     While the Lease was terminated pre-petition under the terms of the Lease and pursuant to applicable non-bankruptcy law, if this Court finds that the Lease was not terminated pre-petition, then, as a condition of any assumption or assumption and assignment of the Lease, Landlord is entitled to full cure of all amounts owed and outstanding under the Lease, both pre-petition and post-petition, pursuant to 11 U.S.C. § 365(b)(1)(A).  As of the Petition Date, debtor Sonder USA owed to Landlord at least $284,373.43 for unpaid Rent, Fixed Rent, Expenses, water charges, Management Fees, Tenant's share of maintenance and repair costs for the Elevator, and additional rent.  If this Court determines that the Lease was not terminated pre-petition, Landlord will be entitled to pre-petition cure of at least this amount, in addition to all amounts that have accrued and continue to accrue under the Lease post-petition, in the approximate amount of at least $280,000.00 per month in rent and the approximate amount of at least $200,000.00 in unpaid utilities, garbage removal, water charges, Management Fees, maintenance and repair costs, and other miscellaneous charges and expenses.  Landlord objects to the Assumption and Assignment and Cure Notice, as it contains an incorrect proposed cure amount of $0.00 for the Lease.  If the Lease could be assumed or assumed and assigned, true cure would amount to approximately $764,373.43 or more as of the date of this filing.

14.     Landlord reserves its right to amend or supplement this Objection and to make such other and further objections as it may deem necessary or appropriate, including but not limited to: (i) providing further evidence and argument that the Lease was terminated pre-petition; (ii) further objecting to any proposed cure of amounts outstanding under the Lease pursuant to section 365(b)(1)(A) of the Bankruptcy Code; (iii) objecting to any proposed assignee and related

adequate assurance of future performance, pursuant to section 365 of the Bankruptcy Code; and (iv) objecting to the assumption and/or assumption and assignment of the Lease on any grounds.

## CONCLUSION

WHEREFORE, Landlord respectfully requests that the Court enter an order sustaining this Objection, requiring the Trustee to remove the Lease from the Assumption and Assignment and Cure Schedule and any list of assets to be marketed and sold to third parties, and granting any additional and further relief as the Court deems just and proper.

Dated:  December 28, 2025                **COZEN O'CONNOR**

*/s/ Marla S. Benedek*
Marla S. Benedek (No. 6638)
1201 N. Market St., Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
E-mail: mbenedek@cozen.com

*Counsel to Vorea Jackson LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| SONDER HOLDINGS, INC., *et al.*[1] | ) ) ) | Case No. 25-12040 (KBO) |
|  | ) ) | (Jointly Administered) |
| Debtors. | ) ) ) |  |

## CERTIFICATE OF SERVICE

I, Marla S. Benedek, hereby certify that on December 28, 2025, I caused a true and correct copy of the foregoing *Objection of Vorea Jackson LLC to Proposed Sale and Assumption and Assignment of Commercial Real Property Lease* to be served via the Court's NEF upon all parties receiving such service. Additionally, on December 28, 2025, service was provided upon all parties listed on the attached service list in the manner provided.

Dated: December 28, 2025

**COZEN O'CONNOR**

*/s/ Marla S. Benedek*
Marla S. Benedek (No. 6638)
1201 N. Market St., Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
E-mail: mbenedek@cozen.com

*Counsel to Vorea Jackson LLC*

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

1

**SERVICE LIST**

*SERVICE VIA EMAIL*

Jami Nimeroff, Esq.
Chapter 7 Trustee
919 N. Market Street, Suite 420
Wilmington, Delaware 19801
nimeroff@dech7trustee.com

Lawrence J. Kotler, Esq.
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103
LJKotler@duanemorris.com

Hannah McCollum, Esq.
The United States Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, Delaware 19801
hannah.mccollum@usdoj.gov

Laura Davis Jones, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market
Street, 17th Floor
Wilmington, DE 19801
ljones@pszjlaw.com