**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 7 |
| SONDER HOLDING INC., *et al.*,[1] | Case No. 25-12040 (KBO) |
| Debtors. | (Jointly Administered) |

*AMENDED*[2] **NOTICE OF AGENDA FOR HEARING ON JANUARY 23, 2026 AT 9:00
A.M. BEFORE THE HONORABLE KAREN B. OWENS**

> **Please note that this hearing will be held in Courtroom No. 3, 6th Floor, in front of The
> Honorable Karen B. Owens. This proceeding will be conducted in-person. All counsel and
> witnesses are expected to attend unless permitted to appear remotely via Zoom. Please
> refer to Judge Owens's Chambers Procedures
> (https://www.deb.uscourts.gov/content/judge-karen-b-owens) and the Court's website
> (http://www.deb.uscourts.gov/ecourt-appearances) for information on who may participate
> remotely, the method of allowed participation (video or audio), Judge Owens's expectations
> of remote participants, and the advance registration requirements. Registration is required
> by 4:00 p.m. (Eastern time) the business day before the hearing unless otherwise noticed
> using the eCourtAppearances tool available on the Court's website.**

## RESOLVED MATTERS:

1. Motion for Relief from Stay/Motion by Abbey Hotel Acquisition LLC: (I) for Relief From the Automatic Stay to Terminate Lease for Non-residential Real Property Previously Abandoned by Debtor, (II) Application of Letter of Credit to Amounts Owed to Landlord; and (III) to Compel Immediate Rejection of Lease [D.I. 114], filed December 1, 2025.

## Related Documents:

A. Notice of Hearing on Motion by Abbey Hotel Acquisition LLC: (I) for Relief From the Automatic Stay to Terminate Lease for Non-residential Real Property Previously Abandoned by Debtor, (II) Application of Letter of Credit to Amounts Owed to Landlord; and (III) to Compel Immediate Rejection of Lease [D.I. 120], filed December 3, 2025.

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

[2] Amended agenda items appear in bold.

B. Certification of Counsel Regarding Order Granting Motion by Abbey Hotel Acquisition LLC: (I) for Relief From the Automatic Stay to Terminate Lease for Non-residential Real Property Previously Abandoned by Debtor, (II) Application of Letter of Credit to Amounts Owed to Landlord; and (III) to Compel Immediate Rejection of Lease [D.I. 311], filed January 9, 2026.

C. Order Granting Motion by Abbey Hotel Acquisition LLC: (I) for Relief From the Automatic Stay to Terminate Lease, (II) to Permit Application of Letter of Credit to Amounts Owed to Landlord and Related Relief; and (III) to Compel Immediate Rejection of Lease [D.I. 317], filed January 12, 2026.

**Objections/Responses:**

A. Response/Trustee's Response to the Motion by Abbey Hotel Acquisition LLC: (I) For Relief from the Automatic Stay to Terminate Lease for Non-Residential Real Property Previously Abandoned by Debtor, (II) Application of Letter of Credit to Amounts Owed to Landlord; (III) To Compel Immediate Rejection of Lease and (IV) Related Relief [D.I. 179], filed December 11, 2025.

**Status**: An Order has been entered resolving this matter.

2.    Application/Motion to Employ/Retain Gordon Brothers Realty Services, LLC as Real Estate Advisor Filed by Jami Nimeroff [D.I. 134], filed December 4, 2025.

**Related Documents:**

A. Declaration/First Supplemental Declaration of Jonas D.L. McCray in Support of Trustee's Application for Entry of an Order (I) Authorizing the Retention and Employment of Gordon Brothers Realty Services, LLC as Real Estate Advisor Effective as of December 2, 2025; (II) Waiving Certain Timekeeping Requirements; and (III) Granting Related Relief [D.I. 159], filed December 8, 2025.

B. Certificate of No Objection Regarding Trustees Application for Entry of an Order (I) Authorizing the Retention and Employment of Gordon Brothers Realty Services, LLC as Real Estate Advisor Effective as of December 2, 2025; (II) Waiving Certain Timekeeping Requirements; and (III) Granting Related Relief [D.I. 211], filed December 18, 2025.

C. Order (I) Authorizing the Retention and Employment of Gordon Brothers Realty Services, LLC as Real Estate Advisor Effective as of December 3, 2025; (II) Waiving Certain Timekeeping Requirements; and (III) Granting Related Relief [D.I. 224], filed December 23, 2025.

**Objections/Responses:**

N/A

**Status**: An Order has been entered resolving this matter.

3.      Motion Of Avalon Investors 7, LLC For Entry of An Order (1) Granting Relief from the Automatic Stay to Pursue Its State Court Remedies, Or, Alternatively, Granting Relief from the Automatic Stay to Implement Protective Measures and Ordering Trustee to Provide Adequate Protection, and (2) Waiving The 14-Day Stay Under Bankruptcy Rule 4001(A)(3) [D.I. 150], filed December 5, 2025.

**Related Documents**:

A.      Declaration of Matt Raine in Support of Motion Of Avalon Investors 7, LLC For Entry of An Order (1) Granting Relief from the Automatic Stay to Pursue Its State Court Remedies, Or, Alternatively, Granting Relief from the Automatic Stay to Implement Protective Measures and Ordering Trustee to Provide Adequate Protection, and (2) Waiving The 14-Day Stay Under Bankruptcy Rule 4001(A)(3) [D.I. 151], filed December 5, 2025.

B.      Certification of Counsel Regarding Order Partially Granting Avalon Investors 7, LLC Relief from the Automatic Stay to Take Protective Measures [D.I. 161], filed on December 8, 2025.

C.      Order Granting Avalon Investors 7, LLC Limited Relief From the Automatic Stay [D.I. 170], filed December 9, 2025.

D.      Certification of Counsel Regarding Order Granting Motion for Relief from the Automatic Stay filed by Avalon Investors 7, LLC [D.I. 209], filed December 18, 2025.

E.      Order Granting Motion of Avalon Investors 7, LLC for Entry of an Order (1) Granting Relief From the Automatic Stay to Pursue Its State Court Remedies, or, Alternatively, Granting Relief From the Automatic Stay to Implement Protective Measures and Ordering Trustee to Provide Adequate Protection, and (2) Waiving the 14-Day Stay Under Bankruptcy Rule 4001(a)(3) [D.I. 213], filed December 19, 2025.

**Objections/Responses**:

N/A

**Status**: An Order has been entered resolving this matter.

4.      Motion by 24 E 39 LLC: (I) for Declaration That Automatic Stay Does Not Apply, or in the Alternative, for Relief From the Automatic Stay to Terminate Lease for Non-residential Real Property Previously Vacated and Surrendered by Debtor, (II) Application of Surety Bond to Amounts Owed to Landlord; (III) to Compel Immediate Rejection of Lease and (IV) Related Relief [D.I. 153], filed December 5, 2025.

**Related Documents**:

A.      Certification of Counsel Regarding Order Granting Motion of 24 E 39 LLC for Entry of an Order: (I) For Declaration that Automatic Stay Does not Apply, or in the

Alternative, for Relief from the Automatic Stay to Terminate Lease for Non-Residential Real Property Previously Vacated and Surrendered by Debtor, (II) Application of Surety Bond to Amounts Owed to Lender, (III) To Compel Immediate Rejection of Lease and (IV) Related Relief [D.I. 223], filed on December 23, 2025.

B.  Order Granting Motion of 24 E 39 LLC for Entry of an Order: (I) For Declaration that Automatic Stay Does not Apply, or in the Alternative, for Relief from the Automatic Stay to Terminate Lease for Non-Residential Real Property Previously Vacated and Surrendered by Debtor, (II) Application of Surety Bond to Amounts Owed to Lender, (III) To Compel Immediate Rejection of Lease and (IV) Related Relief [D.I. 297], filed January 5, 2026.

**Objections/Responses:**

A.  Trustees Response to the Motion by 24 E 39 LLC: (I) For Declaration That Automatic Stay Does Not Apply, or in the Alternative, For Relief From the Automatic Stay to Terminate Lease For Non-Residential Real Property Previously Vacated and Surrendered by Debtor, (II) Application of Surety Bond to Amounts Owed to Landlord; (III) To Compel Immediate Rejection of Lease and (IV) Related Relief [D.I. 181], filed December 11, 2025.

**Status**: An Order has been entered resolving this matter.

5.  Motion of 3354 Larimer LLC for Entry of an Order: (I) Confirming that the Automatic Stay Does Not Apply to: (A): the Protective Measures and (B) the Landlords Possession of the Premises and Disposition of Abandoned FF&E or, Alternatively, (II) Granting Relief from the Automatic Stay to Allow the Landlord to Pursue its Non-Bankruptcy Rights and Remedies and Dispose of FF&E, (III) Granting Adequate Protection and (IV) Waiving the 14-Day Stay Under Bankruptcy Rule 4001(a)(3) [D.I. 157], filed December 5, 2025.

**Related Documents:**

A.  Certification of Counsel Regarding Order Partially Granting 3354 Larimer LLC Relief from the Automatic Stay to Take Protective Measures [D.I. 160], filed December 8, 2025.

B.  Order Granting 3354 Larimer, LLC Limited Relief From the Automatic Stay [D.I. 169], filed December 9, 2025

C.  Certification of Counsel Regarding Order Granting Motion for Relief from the Automatic Stay Filed By 3354 Larimer, LLC [D.I. 267], filed December 26, 2025.

D.  Order Granting Motion Of 3354 Larimer, LLC For Entry Of An Order: (I) Confirming That The Automatic Stay Does Not Apply To: (A) The Protective Measures And (B) The Landlords Possession Of The Premises And Disposition Of Abandoned FF&E Or, Alternatively, (II) Granting Relief From The Automatic Stay To Allow The Landlord To Pursue Its Non-Bankruptcy Rights And Remedies And

DM3\22310010.1

Dispose Of FF&E, (III) Granting Adequate Protection And (Iv) Waiving The 14-Day Stay Under Bankruptcy Rule 4001(a)(3) [D.I. 296], filed January 5, 2026.

**Objections/Responses:**

N/A

**Status**: An Order has been entered resolving this matter.

6.      Motion of ISSTA 27th Street LLC for Entry of an Order: (I) Confirming that the Automatic Stay Does Not Apply to: (A) the Protective Measures, and (B) Disposition of the Abandoned Furniture, Fixtures & Equipment, (II) Alternatively, Granting Relief from the Automatic Stay to Dispose of the Furniture, Fixtures & Equipment, (III) Granting Relief from the Automatic Stay to Proceed Against the Surety Bond, (IV) Granting Adequate Protection, and (V) Waiving the 14 Day Stay Under Bankruptcy Rule 4001(a)(3) [D.I. 136], filed December 4, 2025.

**Related Documents:**

A.  Order Granting Motion of ISSTA 27th Street LLC for Entry of an Order: (I) Confirming that the Automatic Stay Does Not Apply to: (A) the Protective Measures, and (B) Disposition of the Abandoned Furniture, Fixtures & Equipment, (II) Alternatively, Granting Relief from the Automatic Stay to Dispose of the Furniture, Fixtures & Equipment, (III) Granting Relief from the Automatic Stay to Proceed Against the Surety Bond, (IV) Granting Adequate Protection, and (V) Waiving the 14 Day Stay Under Bankruptcy Rule 4001(a)(4) [D.I. 225], filed December 23, 2025.

**Objections/Responses:**

A.  Response/Trustees Response to the Motion of ISSTA 27th Street LLC (Movant) For Entry Of An Order: (I) Confirming That The Automatic Stay Does Not Apply To: (A) The Protective Measures, And (B) Disposition Of The Abandoned Furniture Fixtures & Equipment, (II) Alternatively, Granting Relief From The Automatic Stay To Dispose Of The Furniture Fixtures & Equipment, (III) Grant Relief From The Automatic Stay To Proceed Against The Surety Bond, (IV) Granting Adequate Protection, And (V) Waiving The 14-Day Stay Under Bankruptcy Rule 4001(a)(3) [D.I. 180], filed December 11, 2025.

B.  Certification of Counsel Regarding Order Granting Motion for Relief from Stay Filed by ISSTA 27th Street LLC [D.I. 221], filed December 22, 2025.

C.  Order Granting Motion of ISSTA 27th Street LLC for Entry of an Order: (I) Confirming that the Automatic Stay Does Not Apply to: (A) the Protective Measures, and (B) Disposition of the Abandoned Furniture, Fixtures & Equipment, (II) Alternatively, Granting Relief from the Automatic Stay to Dispose of the Furniture, Fixtures & Equipment, (III) Granting Relief from the Automatic Stay to Proceed Against the Surety Bond, (IV) Granting Adequate Protection, and (V) Waiving the 14 Day Stay Under Bankruptcy Rule 4001(a)(4) [D.I. 225], filed December 23, 2025.

**Status**: An Order has been entered resolving this matter.

7.      Application/Motion to Employ/Retain Duane Morris LLP as Counsel to Chapter 7 Trustee Filed by Jami Nimeroff [D.I. 189], filed December 12, 2025.

**Related Documents:**

   A.   Declaration in Support First Supplemental Declaration of Lawrence J. Kotler in support of Application for Entry of an Order Authorizing the Employment and Retention of Duane Morris LLP as Counsel to the Chapter 7 Trustee Pursue to 11 U.S.C. § 327(a) as of November 17, 2025 [D.I. 231], filed December 23, 2025.

   B.   Certificate of No Objection Regarding Application for Entry of an Order Authorizing the Employment and Retention of Duane Morris LLP as Counsel to the Chapter 7 Trustee Pursuant to 11 U.S.C. § 327(a) as of November 17, 2025 [D.I. 300], filed January 5, 2026.

   C.   Order Authorizing the Retention and Employment of Duane Morris LLP as Counsel to the Chapter 7 Trustee Pursuant to 11 U.S.C. § 327(a) as of November 17, 2025 [D.I. 304], filed January 6, 2026.

   D.   Second Supplemental Declaration of Lawrence J. Kotler in Support of Application for Entry of an Order Authorizing the Employment and Retention of Duane Morris LLP as Counsel to the Chapter 7 Trustee Pursuant to 11 U.S.C. § 327(a) as of November 17, 2025 [D.I. 315], filed January 12, 2026.

**Objections/Responses:**

   N/A

**Status**: An Order has been entered resolving this matter.

8.      Motion of IPFS Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay [D.I. 147], filed December 5, 2025.

**Related Documents:**

   A.   Notice of Rescheduled Hearing Regarding Motion of IPFS Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay [D.I. 193], filed December 15, 2025.

   B.   Certification of Counsel Regarding Motion of IPFS Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay [D.I. 235], filed December 23, 2025.

   C.   Order Granting Motion of IPFS Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay [D.I. 303], filed January 6, 2026.

**Objections/Responses**:

      N/A

**Status**: An Order has been entered resolving this matter.

9.      Motion for Relief from Stay filed by Thompson 195 Nassau Associates, LLC [D.I. 194], filed December 16, 2025.

**Related Documents**:

      N/A

**Objections/Responses**:

      A.    Response Trustees Response To The Motion Of Thompson 195 Nassau Associates, LLC For Entry Of An Order: (A) Granting Relief From The Automatic Stay Pursuant To 11 U.S.C. § 362 And (B) Compelling Trustee To Abandon Property Pursuant To 11 U.S.C. § 554 [D.I. 286], filed December 30, 2025.

**Status**: This matter will be resolved as part of the Order on the Omnibus Motion to Reject.

10.    Motion by JM Real Estate Holdings LP: (i) For Relief from the Automatic Stay to Terminate Lease for Non-Residential Real Property Previously Vacated and Surrendered by Debtor; (ii) To Permit Application of Surety Bond to Amounts Owed to Landlord; (iii) To Compel Immediate Rejection of Lease and (iv) For Related Relief [D.I. 218], filed December 22, 2025.

**Related Documents**:

      A.    Certification of Counsel Regarding Order Granting Motion for Relief From Stay Filed by JM Real Estate Holdings LP [D.I. 318], filed January 13, 2026.

      B.    Order: (I) Granting Relief From the Automatic Stay Under 11 U.S.C. § 362(d)(1) to Terminate Lease for the Property Previously Vacated and Surrendered by Debtor Sonder USA, Inc.; (II) Compelling Immediate Rejection of the Lease Under 11 U.S.C. § 365; and (III) Granting Related Relief [D.I. 325], filed January 14, 2026.

**Objections/Responses**:

      A.    Trustees Response To The Motion By JM Real Estate Holdings LP: (I) For Relief From The Automatic Stay To Terminate Lease For Non- Residential Real Property Previously Vacated And Surrendered By Debtor; (II) To Permit Application Of Surety Bond To Amounts Owed To Landlord; (III) To Compel Immediate Rejection Of Lease; And (IV) For Related Relief [D.I. 287], filed December 30, 2025.

**Status**: An Order has been entered resolving this matter.

11.     Application/Motion to Employ/Retain FTI Consulting Inc. as Financial Advisor Filed by Jami Nimeroff [D.I. 222], filed December 23, 2025.

**Related Documents:**

    A.  Certificate of No Objection Regarding Application of Jami B. Nimeroff, Esq., The Acting Interim Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a) and Bankruptcy Rules 2014(a) and 2016 for Authority to Employ and Retain FTI Consulting, Inc. as Financial Advisor Effective as of November 14, 2025 [D.I. 305], filed January 6, 2026.

    B.  Order Granting Application for Authority to Employ and Retain FTI Consulting Inc. as Financial Advisor, Effective as of November 14, 2025 [D.I. 307], January 7, 2026.

**Objections/Responses:**

    N/A

**Status**: An Order has been entered resolving this matter.


**MATTERS GOING FORWARD**

**12.     Emergency Motion by Marriott International, Inc. for Entry of an Order (1) Determining Emergency Measures to Protect Guests do not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief from the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d) [Docket No. 8] filed on November 14, 2025.**

**Related Documents:**

    **A.  Motion For Entry Of An Order Shortening The Time For Notice Of The Emergency Motion By Marriott International, Inc. For Entry Of An Order (1) Determining Emergency Measures To Protect Guests Do Not Violate The Automatic Stay Or, In The Alternative, (2) Granting Relief From The Automatic Stay Retroactive To The Petition Date Pursuant To 11 U.S.C. § 362(d) [Docket No. 10] filed November 15, 2025.**

    **B.  Order Shortening The Time For Notice Of The Emergency Motion By Marriott International, Inc. For Entry Of An Order (1) Determining Emergency Measures To Protect Guests Do Not Violate The Automatic Stay Or, In The Alternative, (2) Granting Relief From The Automatic Stay Retroactive To The Petition Date Pursuant To 11 U.S.C. § 362(d) [Docket No. 13] filed November 17, 2025.**

    **C.  Certification of Counsel Regarding Emergency Motion by Marriott International, Inc. for Entry of an Order (1) Determining Emergency Measures**

to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief From the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d) [Docket No. 32] filed November 18, 2025.

D. **Order (Interim) Granting Emergency Motion by Marriott International, Inc. for Entry of an Order (1) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief From the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d) [Docket No. 33], filed November 19, 2025.**

E. **Notice of Hearing to Consider Final Approval on Emergency Motion for Entry of an Order (I) Determining Emergency Measures to Protect Guests do not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief From the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. Section 362(d) [Docket No. 210] Filed on December 18, 2025.**

F. **Certification of Counsel Regarding (I) Final Order Granting Emergency Motion by Marriott International, Inc. for Entry of an Order (I) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief From the Automatic Stay Retroactive to the Petition Date Pursuant to U.S.C. § 362(d), and (II) Interim Order as to Certain Issues Related to Electronic Data and Setting Final Hearing [Docket No. 289] filed on December 30, 2025.**

G. **Final Order Granting Emergency Motion by Marriott International, Inc., for Entry of an Order (1) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief from the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d), and (II) Interim Order as to Certain Issues Related to Electronic Data and Setting Final Hearing. [Docket No. 302], filed January 6, 2026.**

**Objections/Responses:**

A. **Trustee's Limited Objection and Reservation of Rights in Response to the Emergency Motion by Marriott International, Inc. for Entry of an Order (1) Determining Emergency Measures to Protect Guests Do Not Violate the Automatic Stay or, in the Alternative, (2) Granting Relief from the Automatic Stay Retroactive to the Petition Date Pursuant to 11 U.S.C. § 362(d) [Docket No. 121] filed on December 3, 2025.**

**Status: The hearing on the remaining relief requested in the motion is going forward.**

13. Motion for Relief from Stay filed by ECG Belcourt, LLC [D.I. 176], filed December 10, 2025.

**Related Documents:**

N/A

**Objections/Responses**:

    A. Response Trustees Response To The Motion Of ECG Belcourt, LLC For (I) Relief From Automatic Stay Or, Alternatively, (II) Confirming That The Automatic Stay Does Not Apply To: Protective Measures And Landlords Possession Of Premises And Disposition Of Abandoned Furniture [D.I. 285], filed December 30, 2025.

**Status**: This matter is going forward; however, the parties intend to resolve this matter via Certification of Counsel to be submitted ahead of the hearing.

14.     Omnibus Motion to Reject Lease or Executory Contract (Unexpired Leases) and Granting Related Relief Filed by Jami Nimeroff [D.I. 288], filed December 30, 2025.

**Related Documents**:

    A. Supplement to Schedule 1 to Proposed Order Granting chapter 7 Trustee's Omnibus Motion for Entry of an Order (I) Authorizing the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (II) Granting Related Relief [D.I. 292], filed December 31, 2025.

    B. Second Supplement to Schedule 1 to Proposed Order Granting Chapter 7 Trustee's Omnibus Motion for Entry of an Order (I) Authorizing the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (II) Granting Related Relief [D.I. 299], filed January 5, 2026.

    C. Third Supplement To Schedule 1 To Proposed Order Granting Chapter 7 Trustees Omnibus Motion For Entry Of An Order (I) Authorizing The Rejection Of Certain Unexpired Leases Of Nonresidential Real Property; And (II) Granting Related Relief [D.I. 306], filed January 7, 2026.

    D. Supplement To Schedule 1 To Proposed Order Granting Chapter 7 Trustees Omnibus Motion For Entry Of An Order (I) Authorizing The Rejection Of Certain Unexpired Leases Of Nonresidential Real Property; And (II) Granting Related Relief [D.I. 309], filed January 8, 2026.

**Objections/Responses**:

    A. Objection to Chapter 7 Trustee's Omnibus Motion for Entry of An Order [D.I. 341], filed January 16, 2026.

**Status**: This matter is going forward.

15.     Motion to Allow Thompson 195 Nassau Associates, LLC To Appear By Zoom For Preliminary Stay Relief Hearing [D.I. 308], filed January 8, 2026.

**Related Documents**:

    N/A

**Objections/Responses:**

N/A

**Status**: This matter will be resolved as part of the Order on the Omnibus Motion to Reject.

16.    Order Approving Motion of Jami Nimeroff, Interim Chapter 7 Trustee of the Debtors Estates for Entry of an Order: (I) Approving the Form and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors Unexpired Real Property Leases Free and Clear; and (IV) Granting Related Relief [D.I. 192], filed December 12, 2025.

**Related Documents:**

A.    Motion For Sale of Property Free and Clear of Liens(FEE) /Motion of Jami Nimeroff, Interim Chapter 7 Trustee of the Debtors' Estates for Entry of an Order: (I) Approving the Form and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors' Unexpired Real Property Leases Free and Clear; and (IV) Granting Related Relief [D.I. 123], filed December 3, 2025.

B.    Motion to Shorten/Motion for an Expedited Hearing and to Limit Notice with Respect to Motion of Jami Nimeroff, Interim Chapter 7 Trustee of the Debtors' Estates for Entry of an Order: (I) Approving the Form and and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors' Unexpired Real Property Leases Free and Clear; and (IV) Granting Related Relief [D.I. 125], filed December 3, 2025.

C.    Order Granting Motion for an Expedited Hearing and to Limit Notice With Respect to Motion of Jami Nimeroff, Interim Chapter 7 Trustee of the Debtors' Estates for Entry of an Order: (I) Approving the Form and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors' Unexpired Real Property Leases Free and Clear; and (IV) Granting Related Relief [D.I. 127]filed December 3, 2025.

D.    Exhibit(s)/Notice of (A) Revised Proposed Order Granting Motion of Jami Nimeroff, Interim Chapter 7 Trustee of the Debtors' Estates for Entry of an Order: (I) Approving the Form and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors' Unexpired Real Proposed Leases Free and Clear; and (IV) Granting Related Relief, (B) Revised Bidding Procedures and (C) Schedule 1 to Assignment and Cure Notice [D.I. 168], filed December 9, 2025.

E.    Certification of Counsel Regarding Revised Proposed Order Granting Motion of Jami Nimeroff, Interim Chapter 7 Trustee of the Debtors Estates for Entry of an Order: (I) Approving the Form and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors Unexpired Real Property Leases Free and Clear; and (IV) Granting Related

Relief, (B) Revised Bidding Procedures, and (C) Schedule 1 to Assignment and Cure Notice (related document(s)123,168) Filed by Jami Nimeroff [D.I. 190], filed December 12, 2025.

F. Motion to Extend Time to Assume or Reject Executory Contracts and Unexpired Leases [D.I. 319], filed January 13, 2026.

G. Notice of Successful Bidders With Respect to the Auction of Certain of the Debtors Lease Assets [D.I. 322], filed January 14, 2026.

H. Certification of Counsel Regarding Order Approving Lease Termination Agreement for 901 Leslie, LLC [D.I. 342], filed January 16, 2026.

I. Witness and Exhibit List of Chapter 7 Trustee for the Hearings Set for January 21, 2026 at 3:00 p.m. (ET) and January 23, 2026 at 9:00 a.m. (ET) [D.I. 343] filed January 20, 2026

J. Omnibus Reply of Chapter 7 Trustee in support of the Sale of Certain of the Debtors' Unexpired Real Property Leases Free and Clear [D.I. 344] filed January 20, 2026.

## Objections/Responses

A. Limited Objection to the Motion of Jami Nimeroff, Interim Chapter 7 Trustee of the Debtors' Estates for Entry of an Order: (I) Approving the Form and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors' Unexpired Real Property Leases Free and Clear; and (IV) Granting Related Relief [D.I. 182], filed December 11, 2025.

B. Objection AP Newberry Street Portfolio #1, LLC's Objection to Proposed Cure Amount [D.I. 216], filed December 19, 2025.

C. Objection of BDC 56, LLC To The Potential Assumption Or Assumption And Assignment And Proposed Cure Amounts Of Certain Contracts And Unexpired Leases [D.I. 227], filed December 23, 2025.

D. Objection of 24 E 39 LLC to Proposed Cure Amount [D.I. 230], filed December 23, 2025.

E. Objection to Chapter 7 Trustees Proposed Cure Amount filed by Thompson 195 Nassau Associates, LLC [D.I. 232], filed December 23, 2025.

F. Objection to Proposed Cure Amount filed by New Orleans Redevelopment Partners 2, LLC [DI. 233], filed December 23, 2025.

G. Objection to Proposed Cure Amount filed by Hessel Properties, GP [D.I. 237], filed December 23, 2025.

H.  Objection of Premiere 130 Duane, LLC to Proposed Cure Amount [D.I. 238], filed December 23, 2025.

I.  Objection to Proposed Cure Amount filed by Avalon Investors 7, LLC [D.I. 239], filed December 23, 2025.

J.  Objection of TBR-L Village 21 Owner, LLC to Debtors' Notice of Potential Assumption or Assumption and Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases [D.I. 240], filed December 24, 2025.

K.  Objection to Notice of Potential Assumption or Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases filed by ISSTA 27th Street LLC [D.I. 241], filed December 24, 2025.

L.  Objection of 19 South Wabash, LLC to Proposed Cure Amount [D.I. 243], filed December 24, 2025.

M.  Objection of 417 South Dearborn Mt, LLC to Proposed Cure Amounts [D.I. 244], filed December 24, 2025.

N.  Objection by BIT NLG III Investors LLC to Notice of Potential Assumption or Assumption and Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases [D.I. 246], filed December 24, 2025.

O.  Objection to Proposed Cure Amount filed by IHotel LLC [D.I. 247], filed December 24, 2025.

P.  Objection to Proposed Cure Amount filed by 3354 Larimer, LLC [D.I. 248], filed December 24, 2025.

Q.  Objection to Notice of Potential Assumption or Assumption and Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases Filed by Operadora de Bienes Raices Peninsular Ammar dba Buena Vida Homes [D.I. 249], December 24, 2025.

R.  Objection to Proposed Cure Amount filed by One Fifteen South Jackson, LLC [D.I. 250], filed December 24, 2025.

S.  Objection Safon Owners LLC's Objection to the Motion of Jami Nimeroff, Interim Chapter 7 Trustee Of the Debtors' Estates for Entry of an Order: (I) Approving the Form and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors' Unexpired Real Property Leases Free and Clear; and (IV) Granting Related Relief (Docket No. 123) and the Cure Notice (The Cure Notice) (Dkt. No. 192-2) [D.I. 253], filed December 24, 2025.

T.  Objection of Allen Street Hospitality LLC to Trustee's Notice of Potential Assumption and Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases [D.I. 254], filed December 26, 2025.

U.  Objection of Fortuna 37 West 24th Street LLC to Trustee's Notice of Potential Assumption and Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases [D.I. 255], filed December 26, 2025.

V.  Objection of 1141 Broadway Owner LLC to Trustee's Notice of Potential Assumption and Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases [D.I. 256], filed December 26, 2025.

W.  Response/Objection of Beverly Terrace, Inc. to Proposed Cure Amount Filed by Beverly Terrace, Inc. [D.I. 257], filed December 26, 2025.

X.  Objection of 1419 S Wabash Development Corporation to Proposed Cure Amount and Reservation of Rights with Respect to Assumption and Assignment of Lease [D.I. 258], filed December 26, 2025.

Y.  Objection of 1436 Loft Offices, LLC to Proposed Cure Amount and Reservation of Rights with Respect to Assumption and Assignment of Lease [D.I. 259], filed December 26, 2025.

Z.  Objection/Pierce Boston Apartments LLC's Objection to Notice of Potential Assumption or Assumption and Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases [D.I. 260], filed December 26, 2025.

AA.  Objection of AH Axis Erie, LLC to Proposed Cure Amount and Reservation of Rights with Respect to Assumption and Assignment of Lease [D.I. 261], filed Decembe 26, 2025.

BB.  Objection LMD 4, LLC's Objection to Proposed Assignment of Lease, or Alternatively, to Proposed Cure Amount [D.I. 262], filed December 26, 2025.

CC.  Objection/LBIRE, LLCs Objection to Notice of Potential Assumption or Assumption and Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases [D.I. 263], filed December 26, 2025.

DD.  Objection/Greyhawk Pivot Lender, LLCs Objection to Notice of Potential Assumption or Assumption and Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases [D.I. 264], December 26, 2025.

EE.  Objection to Proposed Cure Amount for Assumption or Assumption and Assignment of Lease for 222 East 39th Street, New York, New York 10016 [D.I. 265], filed December 26, 2025.

FF.  Objection and Reservation of Rights of Mariah Properties LLC to Notice of Potential Assumption or Assumption and Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases [D.I. 266], filed December 26, 2025.

GG. Objection to Proposed Cure Amount and Reservation of Rights filed by 305 Michigan Ave, LLC's [D.I. 268], filed December 28, 2025.

HH. Objection of Vorea Jackson LLC to Sale and Assumption and Assignment of Commercial Real Property Lease [D.I. 269], filed December 28, 2025.

II.  Limited Objection of 116 John Property Owner LP, Broughton Street Partners Company, LLC and REEP-MF STEWART AZ, LLC to Assignment and Cure Notice [D.I. 270], filed December 28, 2025.

JJ.  Reservation of Rights and Objection to Cure Notice filed by Project Stewart LLC [D.I. 271], filed December 28, 2025.

KK. Amended Objection/Avalon Investors 7, LLCs Amended Objection To Proposed Cure Amount [D.I. 277], filed December 29, 2025.

LL.  Objection/284 Hexagon, LLC's Reservation of Rights and Objection to the Proposed Cure Amount [D.I. 278], filed December 29, 2025.

MM. Reservation of Rights (Notice of 17 John Property Owner LLC Regarding Motion of Chapter 7 Trustee to Assume and Assign Lease) [D.I. 279], filed December 29, 2025.

NN. Objection and Reservation of Rights of Witherspoon Master Tenant LLC to Proposed Cure Amount [D.I. 280], filed December 29, 2025.

OO. Limited Objection filed by GIY Owner LLC [D.I. 281], filed December 29, 2025.

PP.  Objection to Assignment and to the Proposed Cure Amount [D.I. 282], December 29, 2025.

QQ. Objection of 901 Leslie, LLC to Trustee's Notice of Potential Assumption or Assumption and Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases [D.I. 284], filed December 29, 2025.

RR. Objection of 116 John Property Owner LP to Assumption and Assignment of Lease [D.I. 320], January 14, 2026.

SS.  Amended Objection/ISSTA 27th Street LLC's Amended Objection to Notice of Potential Assumption or Assignment and Proposed Cure Amounts of Certain Contracts and Unexpired Leases, and Objection to Adequate Assurance Package [D.I. 321], filed January 14, 2026.

TT. Objection/Divco West's Objection to the Sale of that Certain Real Property Lease [D.I. 326], filed January 14, 2026.

UU. Objection and Reservation of Rights of One Fifteen South Jackson, LLC to Assignment of Lease and to Purchaser's Adequate Assurance Information Provided in Connection with Assumption and Assignment of Executory Contracts and Unexpired Leases [D.I. 327], filed January 14, 2026.

VV. Objection of 61 W Erie, LLC to Proposed Sale and Assumption and Assignment of Certain Real Property Lease and Adequate Assurance of Future Performance and Reservation of Rights [D.I. 329], filed January 14, 2026.

WW. Supplemental Objection of Vorea Jackson LLC to Proposed Sale and Assumption and Assignment of Commercial Real Property Lease [D.I. 330], filed January 14, 2026.

XX. Amended Objection /Safon Owners LLCs Amended and Supplemental Objection to the Motion of Jami Nimeroff, Interim Chapter 7 Trustee of the Debtors Estates for Entry of an Order: (I) Approving the Form and Manner of Proposed Bidding Procedures; (II) Approving Assumption and Assignment Procedures; (III) Authorizing the Sale of Certain of the Debtors Unexpired Real Property Leases Free and Clear; and (IV) Granting Related Relief and The Cure Notice [D.I. 331], filed January 14, 2026.

YY. Objection of Premier 130 Duane, LLC to Proposed Sale and Assumption and Assignment of Certain Real Property Lease and Adequate Assurance of Future Performance and Reservation of Rights [D.I. 332], filed January 14, 2026.

ZZ. Objection of Mariah Properties LLC to Proposed Assumption and Assignment of Lease [D.I. 333], filed January 14, 2026.

AAA. Joint Objection to Assumption and Assignment of Lease, Adequate Assurance of Future Performance and to Sale Free and Clear of all Liens, Claims and Encumbrances filed by 417 South Dearborn Mt, LLC [D.I. 336], filed January 15, 2026.

BBB. Limited Objection of 19 South Wabash, LLC To Assumption And Assignment Of Lease, Adequate Assurance Of Future Performance And To Sale Free And Clear Of All Liens Claims And Encumbrances [D.I. 337] filed January 15, 2026.

CCC. Objection of 24 E 39 LLC to Trustee's Assumption and Assignment of Lease Due To (1) Pre-Petition Termination of the Lease or (2) In The Alternative, Failure to Provide Adequate Assurance of Future Performance or Ability of Proposed Assignee to Comply with Lease [D.I. 339] filed on January 16, 2026.

**Status**: The objections and responses itemized at (B), (C), (E), (F), (G), (N), (O), (P), (Q), (S), (T), (U), (V), (W), (X), (Y), (Z), (AA), (BB), (CC), (DD), (EE), (GG), (JJ), (KK), (LL), (MM), (NN), (OO), (PP), (QQ), (TT), (XX) have either been consensually

resolved or rendered moot as the leases subject of such objections were pulled from the proposed sales. As to the unresolved objections and responses, this matter is going forward with the exception of (FF) and (ZZ), items (FF) and (ZZ), which, with the permission of the Court, will be heard on January 27, 2026 at 9:30 a.m. (ET).

## ADJOURNED MATTERS

17.    Motion to Authorize/Motion of Mariah Properties LLC for Entry of an Order (I) Declaring that the Automatic Stay Does Not Apply to a Lease Terminated Prepetition or, in the Alternative, Granting Relief from the Automatic Stay; (II) Declaring that the Bond Issued in Connection with the Lease is Not Part of the Debtor's Estate or, in the Alternative, Modifying the Automatic Stay to Permit the Landlord to Recover Against the Bond for Amounts Owed; and (III) Granting Related Relief Filed by Mariah Properties LLC [D.I. 313], filed January 9, 2026.

**Related Documents**:

A.    Declaration of Matthew Jennings in Support of Motion of Mariah Properties LLC for Entry of an Order (I) Declaring that the Automatic Stay Does Not Apply to a Lease Terminated Prepetition or, in the Alternative, Granting Relief from the Automatic Stay; (II) Declaring that the Bond Issued in Connection with the Lease is Not Part of the Debtor's Estate or, in the Alternative, Modifying the Automatic Stay to Permit the Landlord to Recover Against the Bond for Amounts Owed; and (III) Granting Related Relief [D.I. 314], filed January 9, 2026.

**Objections/Responses**:

N/A

**Status**: This matter is being adjourned to January 27, 2026 at 9:30 a.m. (ET).

17

Dated: January 20, 2026
      Wilmington, Delaware

**DUANE MORRIS LLP**

*/s/ Lawrence J. Kotler*
Lawrence J. Kotler, Esquire (DE 4181)
Drew S. McGehrin, Esquire (DE 6508)
1201 N. Market Street, Suite 501
Wilmington, DE  19801
Telephone: (302) 657-4900
Email: ljkotler@duanemorris.com
       dsmcgehrin@duanemorris.com

-and-

**SULLIVAN HAZELTINE ALLISON LLC**
William D. Sullivan, Esquire
Sullivan Hazeltine Allinson LLC
919 North Market Street, Suite 420
Wilmington, DE 19801
Telephone: (302) 428-8191
Email:bsullivan@sha-llc.com

*Co-Counsel to The Chapter 7 Trustee*