**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SONDER HOLDINGS INC.[1], *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 25-12040 (KBO)<br><br>**Objection Deadline: June 5, 2026 at 4:00 p.m.**<br>**Hearing Date: June 12, 2026 at 10:00 a.m.** |

**MOTION OF JAMI NIMEROFF, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 105(a) AND RULE 9019(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ESTABLISHING PROCEDURES FOR SETTLING CERTAIN CLAIMS**

Jami Nimeroff, the Chapter 7 trustee (the "Trustee") for the estates of the above captioned Debtors (collectively the "Debtors" and each individually a "Debtor"), by and through her undersigned counsel, hereby moves this Court for entry of an order establishing procedures for settling certain claims (the "Motion") and, in support of this Motion, the Trustee respectfully represents as follows:

## Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

4. The statutory predicates for the relief sought in this Motion is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Procedural Background**

5. On November 14, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases") [Docket No. 1].

6. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed the Trustee to serve as interim Chapter 7 Trustee in each of these Chapter 7 Cases [Docket No. 14].[2]

7. On November 20, 2025, the Court entered an *Order Directing Joint Administration and Procedural Consolidation of Chapter 7 Cases* [Docket No. 38] pursuant to Bankruptcy Rule 1015(b).

**Factual Background**

8. Pursuant to her duties under Bankruptcy Code section 704(a)(1), the Trustee has undertaken an extensive investigation of the Debtor's financial affairs.

9. As a result of that investigation, the Trustee has uncovered evidence of: (i) outstanding receivables that may be due and owing the Debtors' estates (the "Receivables") and (ii) various payments made by one or more of the Debtors prior to the Petition Date which the Trustee believes are avoidable pursuant to Sections 544, 547, 489, 549 or 550 of the Bankruptcy Code (the "Avoidable Transfers").

10. As part of the Avoidable Transfers, the Trustee also believes the Debtors made

---

[2] At the conclusion of the Debtors' 341 meeting on January 15, 2026, the Trustee became the permanent trustee for the Debtors and their respective estates.

various pre-petition payments to third parties, including, without limitation, the Debtor's insiders, for which the Debtors received no value (the "Fraudulent Transfers").

11. The Trustee and her professionals contemplate making demand upon these third parties as a result of their receipt of the Receivables, the Avoidable Transfers and/or the Fraudulent Transfers.

12. As part of her demand, the Trustee contemplates demanding payment in satisfaction thereof in exchange for the Trustee's forbearance from filing a complaint to avoid the Avoidable Transfers and/or to recover the Receivables.

13. The Trustee believes that the Receivables, the Avoidable Transfers and the Fraudulent Transfers constitute significant assets of the Debtors' estates.[3]

14. However, while collectively, these claims may be a significant asset of the Debtors' estates, many of those third party claims are relatively small.[4]

15. Given the dollar amount of many of those claims, the Trustee believes that it would be economically unfeasible for her to seek Court approval for each individual compromise and settlement of a specific claim. For example, if a party who owes $700.00 wishes to settle the claim

---

[3] As set forth in the *Stipulation By and Among Chapter 7 Trustee and the Debtors' Secured Creditors Regarding Disposition of Accounts Receivable and Modifying the Automatic Stay to Permit Return of Cash Collateral* (the "Receivables Stipulation") and the related order approving the Stipulation [Docket No. 526] (the "Receivables Order"), the Trustee and the Secured Creditors (as defined in the Stipulation) have agreed to an allocation with respect to the net proceeds of all Receivables.

[4] For example, with respect to the Debtors' accounts receivable, many of these receivables are less than $50,000. In point of fact, there are approximately 445 parties (out of nearly potential parties) who owe less than $50,000 to one or more of the Debtors' estates (collectively, however, these parties owe nearly $3.4 million). Of these 445 parties, there are approximately 225 parties who owe less than $5000 each (although, collectively, these receivables aggregate in excess of $400,000). While the Trustee believes that collection of these receivables should be placed in the hands of a collection agency, even if the Trustee excluded this group of receivables, there are still about 220 parties who owe less than $50,000 each (although, again, these receivables aggregate in excess of $3 million). The Trustee is still in the process of investigating the Avoidable Transfers and Fraudulent Transfers to determine the breakdown of these claims.

for $350.00, it would be economically unfeasible for the Trustee to have to prepare a motion pursuant to Bankruptcy Rule 9019(a) in order to settle that matter.

16. Conversely, if the relief requested in this Motion is granted by this Court, the Trustee believes that the Debtors' estates will be spared not only the expense, delay, and uncertainty that otherwise would be associated with litigating those claims, but also the unnecessary administrative costs attendant to drafting, serving, and filing perhaps dozens of pleadings, as well as time incurred by her attorneys for Court appearances in seeking separate Court approval of each claim settlement.

## Relief Requested

17. By this Motion, the Trustee requests entry of an order approving the Settlement Procedures outlined below and authorizing her to settle claims pursuant to the Settlement Procedures. A proposed form of order granting the relief requested in this Motion is attached hereto as **Exhibit "A"**.

## The Settlement Procedures

18. In light of the foregoing, and in an attempt to reduce the administrative burden imposed on the Trustee and the Debtors' estates, the Trustee proposes the following Settlement Procedures which, if approved by this Court, will govern how she and her counsel proceed to resolve claims asserted on behalf of the Debtors' estates:

- Upon approval of this Motion, the Trustee, individually and through her attorneys, shall be authorized to settle any and all claims asserted on behalf of the Debtors' estates without prior approval of the Court or any other party in interest whenever: (i) the initial amount of the claim that is being settled is less than or equal to $25,000.00; or (ii) the proposed settlement amount (the "Settlement Amount") is within twenty percent (20%) of the amount listed on an individual Debtor's schedules of assets and liabilities, so long as the difference in amount does not exceed

$25,000.00 (any settlement amount within (i) or (ii) being a "*De Minimis Settlement*");

- In the event that the initial claim to be settled is between $25,000.01 and $50,000.00 and that the proposed settlement is not otherwise a *De Minimis Settlement*, the Trustee shall serve notice of the proposed settlement to counsel for the Debtors' secured creditors. Such notice shall be sent via electronic mail[5] and shall set forth the amount claimed to be due and owing the Debtors' estates and the compromised amount that the parties agreed to resolve the matter. To the extent that there are no objections or requests for an extension of time within which to object (which objection or request for an extension of time within which to object may be in the form of an e-mail to Trustee's counsel) within seven (7) calendar days following notice thereof, the Trustee shall be authorized to enter into the settlement without prior approval by this Court. If a timely objection is made, the Trustee may either: (a) renegotiate the settlement and submit a revised notice of proposed settlement with the Court, which shall be subject to the same rights of Debtors' secured creditors as well as any other creditors or parties in interest to object or request an extension of time within which to object within seven (7) calendar days following the Trustee's filing and service of such revised notice; or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice;

- In the event that the initial claim to be settled is between $50,000.01 and $100,000.00 and that the proposed settlement is not otherwise a *De Minimis Settlement*, the Trustee shall file and serve notice of the proposed settlement with the Court. Such notice shall set forth the amount claimed to be due and owing the Debtors' estates and the compromised amount that the parties agreed to resolve the matter. If no creditor or other party-in-interest objects or requests an extension of time within which to object (which objection or request for an extension of time within which to object may be in the form of an e-mail to Trustee's counsel) within seven (7) calendar days following notice thereof, the Trustee shall be authorized to enter into the settlement without prior approval by this Court. If a timely objection is made, the Trustee may either: (a) renegotiate the

[5] For purposes hereof, electronic notice to counsel for the Debtors' secured creditors shall be the following email addresses: (i) egan@chipmanbrown.com; (ii) mroot@jenner.com; and (iii) aeaton@paulweiss.com and shall be deemed sent when e-mailed to such counsel.

settlement and submit a revised notice of proposed settlement with the Court, which shall be subject to the same rights of creditors and other parties in interest to object or request an extension of time within which to object within seven (7) calendar days following the Trustee's filing and service of such revised notice; or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice; and

- If a proposed settlement is not a *De Minimis Settlement*, and the initial claim to be settled is greater than $100,000.01, the Trustee shall be required to seek the approval of the Court pursuant to motion under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice.

**Basis for Relief**

19. The Trustee submits that the Settlement Procedures outlined above are an appropriate use of the Court's power under both Bankruptcy Code § 105(a) and Bankruptcy Rule 9019(b).

20. Bankruptcy Rule 9019(b) permits a Court, after a hearing on such notice as the Court may direct, to "fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." Fed. R. Bankr. P. 9019(b).

21. In negotiating the anticipated compromises and settlements, the Trustee will continue to exercise her reasonable business judgment and will continue to be guided by the factors relevant to a determination of the reasonableness of such settlements, including:

(a) The probability of success in the litigation;

(b) The complexity, expense, and likely duration of the litigation;

(c) All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(d) Whether the proposed compromise is fair and equitable to the Debtor, its creditors, and other interested parties.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

22. The Trustee believes, in her reasonable business judgment, that the Settlement Procedures constitute a cost-effective method for resolving certain outstanding claims and avoiding the expense and risk inherent in litigating those claims.

23. Given the number of claims that the Trustee believes can be settled for relatively moderate amounts compared with the overall value of these claims to Debtors' estates, the filing of individual pleadings for each proposed settlement, noticing each compromise and settlement to all of the parties in interest on the master service list on file with the Court, and conducting individual hearings in connection thereto, would be an expensive, cumbersome, and highly inefficient way to resolve many of the claims, particularly given the relatively small dollar amounts at issue.

24. Moreover, the Trustee submits that the settlements to be entered pursuant to the Settlement Procedures would all meet the standards set forth in *TMT Trailer*.

25. In particular, the Trustee, exercising her business judgment, would not settle any claims unless: (i) the settlement is reasonable; and (ii) such settlement would be approved by this Court.

26. In view of the foregoing, the Trustee submits that implementation of the Settlement Procedures is fair and in the best interests of the Debtors, their respective estates, and all other parties in interest.

27. For these reasons, the Trustee believes that it is in the best interests of the Debtors' estates if the Settlement Procedures were approved.

28. The Trustee reserves the right to seek modification of the Settlement Procedures as she deems appropriate.

**Notice**

29. Notice of this Motion has been provided by United States First Class mail, postage prepaid, to: (i) the United States Trustee for the District of Delaware; (ii) the Debtors; (iii) Debtors' counsel; (iv) counsel for the Debtors' secured creditors; and (v) and any parties required to be served under any applicable Bankruptcy Rule or Local Rule. The Trustee submits that, under the circumstances, no other or further notice is necessary.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of the order attached hereto as **Exhibit "A"**: (i) approving the Settlement Procedures; and (ii) granting such other and further relief as this Court deems appropriate.

Dated: May 21, 2026

**DUANE MORRIS LLP**

*/s/ Lawrence J. Kotler*

Lawrence J. Kotler, Esquire (DE 4181)
Drew S. McGehrin, Esquire (DE 6508)
1201 N. Market Street, Suite 501
Wilmington, Delaware 19801
Tel: 302-657-4900
Fax: 302-657-4901
Email: ljkotler@duanemorris.com
dsmcgehrin@duanemorris.com

*Counsel to the Chapter 7 Trustee*