**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SONDER HOLDINGS INC.[1], et al.,<br><br>Debtors. | Chapter 7<br><br>Case No. 25-12040 (KBO) |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 105(a) AND RULE 9019 (b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ESTABLISHING PROCEDURES FOR SETTLING CERTAIN CLAIMS**

Upon the *Motion of Jami Nimeroff, Chapter 7 Trustee For Entry of an Order Pursuant to 11 U.S.C. § 105(a) and Rule 9019(b) of the Federal Rules of Bankruptcy Procedure Establishing Procedures for Settling the Claims* (the "Motion");[2] and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion and the hearing approving the Motion having been given; and no further notice being required; and after due deliberation, it appearing that sufficient cause exists for granting the

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Sonder Holdings, Inc. (7088), Sonder Germany GMBH (NONE), Sonder Group Holdings LLC (NONE), Sonder Guest Services LLC (3210), Sonder Holdings LLC (5746), Sonder Hospitality Holdings LLC (NONE), Sonder Hospitality USA Inc. (8502), Sonder Partner Co. (5584), Sonder Technology Inc. (4436) and Sonder USA Inc. (1947). The Chapter 7 Trustee's mailing address is Jami B. Nimeroff, Chapter 7 Trustee, 919 North Market Street, Suite 420, Wilmington, DE 19801.

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

requested relief and that the relief requested through the Motion is in the best interests of the Debtors' estates and their creditors; it is hereby:

1. ORDERED that the Motion is GRANTED; and it is further

2. ORDERED that the Trustee is authorized to settle claims in accordance with the following Settlement Procedures:

a. Upon approval of this Motion, the Trustee, individually and through her attorneys, shall be authorized to settle any and all claims asserted on behalf of the Debtors' estates without prior approval of the Court or any other party in interest whenever: (i) the initial amount of the claim that is being settled is less than or equal to $25,000.00, or (ii) the proposed settlement amount (the "Settlement Amount") is within twenty percent (20%) of the amount listed on an individual Debtor's schedules of assets and liabilities, so long as the difference in amount does not exceed $25,000.00 (any settlement amount within (i) or (ii) being a "*De Minimis Settlement*");

b. In the event that the initial claim to be settled is between $25,000.01 and $50,000.00 and that the proposed settlement is not otherwise a *De Minimis Settlement*, the Trustee shall serve notice of the proposed settlement to counsel for the Debtors' secured creditors. Such notice shall be sent via electronic mail[3] and shall set forth the amount claimed to be due and owing the Debtors' estates and the compromised amount that the parties agreed to resolve the matter. To the extent that there are no objections or requests for an extension of time within which to object (which

[3] For purposes hereof, electronic notice to counsel for the Debtors' secured creditors shall be the following email addresses: (i) egan@chipmanbrown.com; (ii) mroot@jenner.com; and (iii) aeaton@paulweiss.com and shall be deemed sent when e-mailed to such counsel.

objection or request for an extension of time within which to object may be in the form of an e-mail to Trustee's counsel) within seven (7) calendar days following notice thereof, the Trustee shall be authorized to enter into the settlement without prior approval by this Court. If a timely objection is made, the Trustee may either: (a) renegotiate the settlement and submit a revised notice of proposed settlement with the Court, which shall be subject to the same rights of Debtors' secured creditors as well as any other creditors or parties in interest to object or request an extension of time within which to object within seven (7) calendar days following the Trustee's filing and service of such revised notice; or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice

c. In the event that the initial claim to be settled is between $50,000.01 and $100,000.00 and that the proposed settlement is not otherwise a *De Minimis Settlement*, the Trustee shall file and serve notice of the proposed settlement with the Court. Such notice shall set forth the amount claimed to be due and owing the Debtors' estates and the compromised amount that the parties agreed to resolve the matter. If no creditor or other party-in-interest objects or requests an extension of time within which to object (which objection or request for an extension of time within which to object may be in the form of an e-mail to Trustee's counsel) within seven (7) calendar days following notice thereof, the Trustee shall be authorized to enter into the settlement without prior approval by this Court. If a timely objection is made, the Trustee may either: (a) renegotiate the settlement and submit a revised notice of proposed settlement with the Court, which shall be subject to the same

rights of creditors and other parties in interest to object or request an extension of time within which to object within seven (7) calendar days following the Trustee's filing and service of such revised notice; or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice; and

d. If a proposed settlement is not a *De Minimis Settlement*, and the initial claim to be settled is greater than $100,000.01, the Trustee shall be required to seek the approval of the Court pursuant to motion under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice; and it is further

3. ORDERED that the Trustee is authorized to take any and all steps that are necessary or appropriate to settle the claims on behalf of the Debtors' estates in accordance with the Settlement Procedures; provided that the allocation of all proceeds of Receivables shall be subject in all respects to the Receivables Stipulation and Receivables Order; and it is further

4. ORDERED that entry of this Order is without prejudice to the Trustee's rights to seek entry of an order modifying or supplementing the relief granted herein; and it is further

5. ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

6. ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

**Dated: June 9th, 2026**
**Wilmington, Delaware**

**KAREN B. OWENS**
**CHIEF JUDGE**